J-S42024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JALIL COOPER, | : | |
| | : | |
| Appellant | : | No. 2405 EDA 2018 |

Appeal from the Judgment of Sentence Entered, July 24, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0012360-2012.

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED OCTOBER 18, 2019**

Jalil Cooper appeals *pro se* from the judgment of sentence imposed following his conviction of first-degree murder, attempted murder, aggravated assault and possession of an instrument of crime ("PIC").[1]  We affirm.

On May 20, 2012, Cooper became engaged in a verbal disagreement with Edward Pagan, as a result of which Cooper shot Pagan and Pagan's step-father, Victor Guzman.  Pagan died as a result of his gunshot wounds, and his step-father suffered a fractured arm and permanent hearing loss.  Cooper was arrested and charged with the above-described offenses.  His first trial ended in a mistrial on February 5, 2014, and a retrial was ordered on that same date.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2502, 901(a), 2702(a), 907(a).

The court scheduled the retrial for September 22, 2014. On July 1, 2014, while Cooper was represented by counsel, he filed a *pro se* motion pursuant to Pa.R.Crim.P. 600, arguing that the criminal complaint should be dismissed because the initial retrial date of September 22, 2014, was beyond the 120-day limit for pretrial incarceration specified in subsection (B)(4).[2] No ruling was made on that motion.

The September 22, 2014 retrial date was ultimately continued. In 2015, Cooper was determined to be incompetent. In September of 2016, he was deemed competent. Following a **Grazier** hearing,[3] then waived his right to counsel, and elected to proceed *pro se*, with standby counsel. On April 2, 2018, before the start of retrial, Cooper waived his right to a jury trial, and orally renewed his Rule 600 motion, arguing once again that the criminal complaint should be dismissed because the initial retrial date of September 22, 2014, was beyond the 120-day period specified in subsection (B)(4). The trial court denied the motion.

The retrial was bifurcated to accommodate Cooper's request for an expert and to ascertain the status of stipulations between the parties. At the

---

[2] Our courts have made clear that a defendant who is represented by counsel may not engage in hybrid representation by filing *pro se* documents. **See** **Commonwealth v. Ali**, 608 Pa. 71, 10 A.3d 282, 293 (Pa. 2010). As Cooper was represented by counsel at the time he filed the *pro se* motion, that filing had no legal effect.

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

conclusion of the retrial, the court found Cooper guilty of first-degree murder, attempted murder, aggravated assault, and PIC. On July 24, 2018, the trial court sentenced Cooper to an aggregate sentence of life in prison, followed by eight and one-half to seventeen years of incarceration. Standby counsel filed a timely post-sentence motion. Cooper thereafter filed a *pro se* post-sentence motion challenging, *inter alia*, the trial court's denial of his Rule 600 motion. The trial court denied all post-sentence motions. This timely *pro se* appeal followed.[4]

Cooper raises the following issues for our review:

1. Did not the trial court err in its Opinion there in support of denying [Cooper] his rights under Pa.R.Crim.P. 600 – where it ruled that the applicable subsection to apply to retrial cases where the accused is in pretrial incarceration is subsection (A) as opposed to subsection (B)?

2. Were [sic] the [C]ommonwealth exercising due diligence in bringing [Cooper's] case to trial following his hung-jury where the original trial date as set to begin beyond the Rule 600 run date?

3. Did not the [C]ommonwealth fail to meet its burden in proving defense counsel waived/agreed to commence [Cooper's] retrial beyond the [Rule 600] run date without offering evidence in support of its assertion such as transcript?

4. Did not the trial court erred [sic] finding [Cooper] guilty of first[-]degree[-]murder where the alleged actions of [Cooper]

_____

[4] As a *pro se* litigant, Cooper is held to the same standards as counseled litigants. **See Commonwealth v. Blakeney**, 108 A.3d 739, 767 (Pa. 2014) ("Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed [there]in . . .").

as the evidence supported at most a murder of the third degree lacking aggravated circumstances?

5. Where [Cooper's] arrest warrant contained statements by the affiant known to be false, and recklessly disregarding the truth in "bad faith" and also facially invalid to the circumstances of the existence of probable cause should have the evidence obtained in connection therewith to the warrant be suppressed?

6. Did not the trial court erred [sic] by refusing to consider [Cooper's] reliable proffer to show "bad faith" in the veracity of the complaint executed to secured [sic] the warrant for his arrest?

7. Was not [Cooper's] counsel ineffective where upon he failed at post verdict to motion the lower court to reconsider an error of law thereunder Rule 600, and otherwise preserve the issue there upon expanding the record?

8. Was appellant [sic] counsel ineffective for failing to motion the court to reconsider [Cooper's] motion to suppress/object evidence admitted thereby a warrant facially invalid and prepared in bad faith?

Cooper's Brief at 6-10 (issues reordered for ease of disposition, unnecessary capitalization omitted).

We will address Cooper's first three issues together, as each concerns Pa.R.Crim.P. 600. When reviewing a trial court's decision in a Rule 600 case, an appellate court will reverse only if the trial court abused its discretion. ***Commonwealth v. Bradford***, 46 A.3d 693, 700 (Pa. 2012). "An appellate court will not find an abuse of discretion 'based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.'"

- 4 -

*Commonwealth v. Gill*, 206 A.3d 459, 466-67 (Pa. 2019) (citation omitted). Our scope of review is limited to the record evidence from the Rule 600 hearing and the findings of the lower court, viewed in the light most favorable to the prevailing party. *Id*.

To protect a defendant's speedy trial rights, Rule 600 provides for the dismissal of charges if the Commonwealth fails to bring a defendant to trial within a certain time frame, subject to certain exclusions for delays attributable to the defendant. Pa.R.Crim.P. 600(A), (C). The rule provides that "[w]hen a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 365 days from the date on which the trial court's order is filed." Pa.R.Crim.P. 600(A)(2)(d). The rule also addresses pretrial incarceration, and provides that "[e]xcept in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of . . . 120 days from the date on which the order of the trial court is filed granting a new trial when no appeal has been perfected." *Id*. at 600(B)(4).

In order to protect society's right to effective prosecution prior to dismissal of charges, "Rule 600 requires the court to consider whether the Commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control." *Bradford*, 46 A.3d at 701 (quoting *Commonwealth v. Selenski*, 994 A.2d 1083, 1088 (Pa. 2010)). Any delay caused by the Commonwealth's lack of

due diligence is included in the calculation of time for the commencement of trial. Pa.R.Crim.P. 600(C)(1). Any other delay is excluded from the computation. *Id*. The Commonwealth has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. *Bradford*, 46 A.3d at 701. "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Selenski*, 994 A.2d at 1089.

In his first three issues,[5] Cooper argues that a Rule 600 violation occurred because the court scheduled retrial beyond the 120-day time period following the entry of the order for his retrial. He points out that a retrial was ordered on February 5, 2014, and that the initial retrial date was September 22, 2014, a date that he claims is beyond the 120-day period indicated by subsection 600(B)(4).[6] Cooper also challenges the trial court's statement that

---

[5] We note with disapproval that, in Cooper's brief, he discusses his three Rule 600 claims in two sections. Pursuant to our Rules of Appellate Procedure, Cooper was required to structure the argument section of his brief as "divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Cooper failed to adhere to this requirement.

[6] Cooper does not argue that his 2018 trial date constitutes a Rule 600 violation.

Cooper's defense attorney "waived and/or agreed to [Cooper's] original retrial date set beyond the run day following his mistrial." Cooper's Brief at 26.

The trial court explained the basis for its denial of Cooper's Rule 600 motion as follows:

> A hearing was held on [Cooper's] motion for dismissal under Rule 600 on April 2, 2018. Mr. Cooper argued at that time, that the jury hung on February 5, 2014, and a new trial was not scheduled until September 22, 2014, and that such a date date [sic] would be past the run date. Mr. Cooper, representing himself, cited subsection (B)(4) as the authority for requiring the charges to be dismissed. [Cooper] was advised at that time that section (B)(4) was applicable to pretrial incarceration, and that (A)(2)(d) was relevant to the dismissal of charges and that subsection gave the Commonwealth 365 days to try the case. The statute is clear. The Commonwealth has 365 days to bring a defendant to trial after a new trial has been ordered and [Cooper's] claim that they only had 120 days is erroneous.

Trial Court Opinion, 6/17/19, at 6.

Based on our review of the record, it is clear that Cooper relied on an inapplicable section of the rule in support of his Rule 600 motion. The Commonwealth had 365 days to retry his case, not 120 days. *See* Pa.R.Crim.P. 600(A)(2)(d). Whether or not Cooper's defense counsel agreed to the initial retrial date, or the date was consistent with counsel's schedule is irrelevant, as the original retrial date fell within the 365-day period proscribed by Rule 600(A)(2)(d). As we discern no abuse of discretion by the trial court

in denying Cooper's Rule 600 motion, his first three issues entitle him to no relief.[7]

In Cooper's fourth issue, he challenges the sufficiency of his first-degree murder conviction on the basis that there were no aggravating circumstances, and that he was misidentified as his cousin, who was found in possession of the murder weapon. *See* Cooper's Brief at 38-39.

Pursuant to our Rules of Appellate Procedure, Cooper was required to include in his brief a "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). An issue identified on appeal but not

---

[7] Moreover, although not raised by Cooper, the trial court undertook a comprehensive review of the docket, and determined that Commonwealth acted with due diligence in bringing Cooper to trial within 365 days. The trial court explained:

> Although not articulated by [Cooper], the court reviewed the time involved and found the prosecution to have exercised due diligence. Mr. Cooper was continuously found incompetent to stand trial from November 14, 2015 until June 1, 2016. . . . [Cooper] was allowed to represent himself on September 1, 2016, but previously there had been six requests for continuances made by [Cooper]. Between that time and August 10, 2017, [Cooper] requested eleven continuances. On that date the calendar judge assigned this case to the undersigned with the earliest possible date of April 2, 2018, - the date trial commenced. It is crystal clear that although not properly raised, a review of the time from the hung jury and commencement of Cooper's new trial, the Commonwealth exercised due diligence and [Cooper's] complaint is without merit

Trial Court Opinion, 6/17/19, at 6.

developed in an appellant's brief is abandoned, and therefore waived. ***Commonwealth v. Heggins***, 809 A.2d 908, 912 n.2 (Pa. Super. 2002).

Here, Cooper failed to adhere to this requirement. His sufficiency claim is woefully underdeveloped, and he neither cites nor discusses any relevant legal authority. Thus, the issue is waived.

In Cooper's fifth and sixth issues, he contends that the trial court erred in denying his motion to suppress. He claims that unspecified evidence should have been suppressed because the affidavit supporting the warrant was deficient and did not establish probable cause. Specifically, Cooper argues that the affiant, Detective John Cummings of the Philadelphia Police Department, improperly relied, in "bad faith," on uncorroborated hearsay statements of which he had no personal knowledge, and the remaining information did not establish probable cause. ***See*** Cooper's Brief at 28-36.

The trial court determined that Cooper's suppression challenges, as stated in his concise statement, were waived due to insufficient specificity. ***See*** Trial Court Opinion, 6/17/19, at 11-16.[8]

A concise statement must be specific enough for the trial court to identify and address each issue the appellant wishes to raise on appeal. "When a court has to guess what issues an appellant is appealing, that is not

---

[8] The trial court additionally determined that Cooper was not entitled to relief because he failed to present his suppression claims in writing (referencing Pa.R.Crim.P. 575-581), and his claims lacked merit. ***See*** Trial Court Opinion, 6/17/19, at 11-16.

enough for meaningful review." ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). Indeed, "[a] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." ***Id.*** at 686-87. Accordingly, this Court may find waiver where a concise statement is too vague. ***Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011)*.*

Based on our review, Cooper failed to identify in his concise statement any particular statement in the affidavit of probable cause that he sought to suppress. Given Cooper's failure to identify the particular statements he sought to suppress, we discern no error or abuse of discretion by the trial court in determining the suppression issues were waived. Thus, Cooper's fifth and sixth issues entitle him to no relief.[9]

In Cooper's final two issues, he challenges the effectiveness of his standby counsel. Litigation of ineffectiveness claims is not generally a proper component of a defendant's direct appeal, and is presumptively deferred for collateral attack under the PCRA. ***See Commonwealth v. Holmes***, 79 A.3d 562, 578 (Pa. 2013) (establishing a deferral rule for ineffectiveness claims litigated after its decision in ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002)). The Pennsylvania Supreme Court has recognized two exceptions to

---

[9] Even if we had not found waiver of the suppression issues due to lack of specificity in Cooper's concise statement, we would have found waiver due to Cooper's continued failure to identify the particular statements or information he sought to suppress in his appellate brief.

the rule that ineffectiveness claims should be deferred until collateral review, both falling within the discretion of the trial court:

> First, we held that trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious, such that immediate consideration best serves the interest of justice. Second, we held that trial courts also have discretion to entertain prolix claims of ineffectiveness if there is a good cause shown and the unitary review thus permitted is accompanied by a knowing and express waiver by the defendant of the right to pursue a first PCRA petition.

*Commonwealth v. Arrington*, 86 A.3d 831, 856-57 (Pa. 2014).

Cooper has not argued that his ineffectiveness claims fall within either exception to the rule that such claims should be deferred until collateral review. Therefore, we decline to address those issues.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/19