**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 65 WAP 2017 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered March 28, 2017 at No. |
| | : | 1351 WDA 2016, reversing the Order |
| v. | : | of the Court of Common Pleas of |
| | : | Mercer County entered September 2, |
| | : | 2016 at No. CP-43-CR-0000908- |
| ROBERT PETER GILL, JR., | : | 2015, and remanding. |
| | : | |
| Appellant | : | ARGUED:  October 23, 2018 |

**OPINION**

JUSTICE BAER                                    DECIDED:  MARCH 26, 2019

In this appeal, we examine whether the Superior Court properly applied the "abuse of discretion" standard of review when, in a published opinion, it reversed a trial court order that granted a criminal defendant's motion *in limine* to admit evidence of a subsequent similar crime committed by another individual.  For the reasons that follow, we respectfully conclude that the Superior Court misapplied this standard of review.  Consequently, we reverse in part and vacate in part the Superior Court's judgment and remand to the Superior Court with instructions.

The background underlying this appeal is relatively straightforward.  On June 2, 2015, Trooper Charles Turik of the Pennsylvania State Police filed a criminal complaint against Robert Peter Gill, Jr. ("Appellant"), charging him with, *inter alia*, burglary, theft by unlawful taking, receiving stolen property, and criminal trespass.  The supporting affidavit of probable cause explained, in relevant part, as follows.

On August 26, 2013, Trooper Turik was assigned to investigate an alleged burglary that occurred between July 26, 2013, and August 26, 2013, at Howard Speichler's residence on West Creek Road in French Creek Township. When Trooper Turik interviewed Speichler, he informed the trooper that someone had stolen $40,000 in $100 bills from his home. Speichler advised the trooper that he had been keeping the money in a bank bag inside of a lockbox in his basement and that the last time he knew that the money was still in the lockbox was July 26, 2013, when he placed his monthly deposit into the bag. Speichler explained that, since that time, he had not observed any signs of a forced entry into the home and that he suspected that the person who had stolen the money entered his home by way of the keypad for his garage door.

Speichler further stated that two persons knew both the garage code and where he kept his money: his neighbor and Appellant, who was Speichler's acquaintance. Speichler asserted that he did not suspect that his neighbor had stolen the money because Speichler had known her for over 25 years and trusted her. He further asserted that he had known Appellant for only a few years and that Appellant had financial problems, including a recent bankruptcy. Trooper Turik also interviewed Appellant, who admitted that he knew: about Speichler's money; that Speichler kept his money in the lockbox; and where Speichler put the key to that lockbox. The trooper's investigation also revealed, *inter alia*, that Appellant recently had purchased a truck for $19,000 and that he had paid for the truck with $100 bills.

Appellant was arrested and charged with the aforementioned crimes. Eventually, prior to his trial, Appellant filed a document entitled "Motion for Release of Investigatory Files/Omnibus Pretrial Motion." In the motion, Appellant averred that he had just became aware, by way of articles in local newspapers, that Speichler accused another unknown person of stealing money from a safe located in his home between May 1, 2016, and

June 23, 2016. To inspect potential similarities between the 2013 and 2016 burglaries of Speichler's home, Appellant asked the trial court to enter an order allowing him access to the State Police's investigatory file concerning the 2016 incident. The court granted Appellant's motion.

On August 1, 2016, Appellant filed a document entitled "Motion In Limine for Admission of Evidence of Similar Crimes" ("Motion In Limine"). Building upon his previous motion, Appellant stated that his review of the State Police's file revealed substantial similarities between the 2013 burglary and incidents that occurred at Speichler's residence in 2016. Regarding the 2016 incidents, Appellant indicated that Speichler accused an unknown person of entering and burglarizing his home on two occasions - June 23, 2016, and June 26th or 27th of 2016.

Appellant stated that the allegations regarding the June 23, 2016, burglary appeared to be virtually identical to the circumstances surrounding the 2013 burglary that he was accused of perpetrating. Specifically, Appellant averred that the June 23, 2016, incident involved: (1) approximately $40,000 in stolen money; (2) money stolen from a safe/lockbox; (3) a perpetrator, perhaps known by Speichler, who used a key to access the safe/lockbox; (4) no sign of forced entry; rather, the perpetrator entered the home through a door that Speichler typically kept unlocked; (4) a perpetrator who knew about the safe/lockbox; and (5) a crime that occurred within a one-month time range. Appellant did not describe the alleged June 26/27, 2016, incident in detail. In fact, he conceded that this incident differed from the other two burglary allegations in that it involved a forced entry into Speichler's home.

Regarding the admissibility of evidence concerning both the June 23rd and June 26th/27th incidents, Appellant contended that "[e]vidence is always relevant and material if it tends to show a specific crime of which a [d]efendant stands accused was committed

by someone else." Motion In Limine at ¶12 (citing *Commonwealth v. Boyle*, 368 A.2d 661, 669 (Pa. 1977)). More specifically, Appellant relied on the Superior Court's decision in *Commonwealth v. Rini*, 427 A.2d 1385 (Pa. Super. 1981), for the proposition that a defendant may introduce evidence at trial that someone else committed a crime which bears a highly detailed similarity to the crime with which the defendant is charged. Motion In Limine at ¶14. Appellant further suggested that Speichler's two newer, 2016 burglary allegations raise questions as to Speichler's credibility and memory. *Id.* at ¶20.

On August 25, 2016, prior to the trial court ruling on his Motion In Limine, Appellant filed another document, which he entitled "Amended Motion In Limine for Admission of Evidence of Similar Crimes, Behavior and/or Acts" ("Amended Motion In Limine"). In this motion, Appellant indicated that Speichler's daughter, Sandra Speichler ("Sandra"), was prepared to testify that Speichler accused her of breaking into his home and stealing $30,000 in 1995. According to Appellant, Sandra also was willing to testify that Speichler had informed her that two other persons, William Flamm and Roy Hiles, had broken into his home and stolen tools. Thus, in addition to the 2016 incidents regarding Speichler's residence, Appellant asked the trial court to permit him to present evidence at trial that Speichler had accused Sandra, Flamm, and Hiles of stealing from his home.

On August 29, 2016, the trial court entertained oral argument on Appellant's Amended Motion In Limine. Appellant's argument was consistent with the position that he took in his written motions, *i.e.*, that all of Speichler's other burglary allegations were similar in nature to the allegations made against Appellant and, therefore, tended to show that someone other than Appellant committed the 2013 break-in and that Speichler's credibility was faulty. The Commonwealth, on the other hand, contended that the trial court should deny the Amended Motion In Limine because the circumstances surrounding

the 2013 burglary were insufficiently similar to the various incidents cited by Appellant, rendering evidence of those incidents inadmissible at trial.

For example, regarding the June 23, 2016, burglary, the assistant district attorney ("ADA") explained that, unlike the 2013 burglary, a person allegedly gained entrance to Speichler's home by climbing a woodpile onto a deck and then opening an unlocked sliding glass door. According to the ADA, that person first tried to pry open the lockbox before apparently finding the keys and using them to open it. The ADA also suggested that the three-year gap between the 2013 and 2016 burglaries was substantial enough to render evidence of the 2016 incidents inadmissible at Appellant's trial. In addition, the Commonwealth took the position that the court should not allow Appellant to present evidence regarding the 2016 incidents because it "would prejudice the victim in this case." N.T., 8/29/2016, at 15. Lastly, the Commonwealth argued that the court should not permit Speichler's daughter, Sandra, to testify regarding incidents that allegedly happened over 20 years ago.

At the end of the hearing, the trial court denied in part and granted in part Appellant's Amended Motion In Limine. Specifically, the court decided not to allow Appellant to present testimony from Sandra. However, the court believed that the June 23, 2016, burglary was significantly similar and close enough in time to the 2013 burglary to allow Appellant to present evidence of it at his trial. Accordingly, the court entered an order reflecting "that the incident from 2016 shall be permitted."[1] Trial Court Order,

---

[1] As the Superior Court noted, the scope of the trial court's order is unclear insomuch as the order "does not indicate whether it includes evidence related solely to the initial 2016 burglary or whether it includes the subsequent entry four days later[.]" *Commonwealth v. Gill*, 158 A.3d 719, 726 n.4. (Pa. Super. 2017). Out of an abundance of caution, the Superior Court addressed the admissibility of evidence concerning both 2016 incidents.

However, in the opinion that the trial court submitted in support of its decision, the court discussed only the circumstances regarding the June 23rd burglary, finding evidence of the "2016 burglary" admissible. Trial Court Opinion, 10/19/2016. Moreover, in his brief

9/2/2016. In the same order, the court directed the Commonwealth to provide to Appellant "all reports, statements and investigatory files regarding the 2016 incident[.]" *Id.*

On September 8, 2016, the Commonwealth filed a notice of appeal, certifying that the trial court's order substantially handicapped its prosecution of Appellant. *See* Pa.R.A.P. 311(d) (permitting the Commonwealth to appeal as of right an interlocutory order if the Commonwealth certifies in its notice of appeal that the order will terminate or substantially handicap the prosecution). The trial court directed the Commonwealth to comply with Pa.R.A.P. 1925(b). The Commonwealth complied with this directive. Relevant to the question before this Court, the Commonwealth stated that it intended to argue to the Superior Court that the trial court erred by granting in part Appellant's Amended Motion In Limine.

The trial court subsequently offered a brief Pa.R.A.P. 1925(a) opinion. In support of its decision to grant in part Appellant's motion, the court noted several similarities between the 2013 and June 23, 2016, burglaries. In particular, the court observed that the "victim was the same, the amount of money was the same, there was no sign of forced entry, and the lockbox was accessed with a key." Trial Court Opinion, 10/19/2016 at 1. The court further observed that it "found that these similarities were relevant" and that "the probative value of these facts outweighed the prejudicial effect to the victim." *Id.* The court believed that, at a minimum, Appellant should be permitted to cross-examine Speichler about the similarities between the 2013 and the June 23, 2016, burglaries.

On appeal, the Commonwealth reasserted its position that evidence regarding the 2016 burglary was inadmissible at Appellant's trial because it did not bear sufficient

---

to this Court, Appellant's advocacy focuses on the admissibility of evidence regarding solely the June 23, 2016, burglary of Speichler's home, and this Court's order granting allowance of appeal contemplated consideration of the admissibility of evidence regarding only one burglary, *see infra* at 9. Consequently, we find preserved and address below solely the admissibility of evidence related to the June 23, 2016, burglary.

similarities to the 2013 burglary and because the two burglaries occurred three years apart. In response, Appellant contended that the trial court did not abuse its discretion by granting in part his Amended Motion In Limine. In support of this contention, Appellant renewed the argument that he presented to the trial court. In sum, Appellant posited that the 2013 and June 23, 2016, burglaries at Speichler's home occurred closely in time and shared distinctive similarities.

In a published opinion, the Superior Court agreed with the Commonwealth's position. *Commonwealth v. Gill*, 158 A.3d 719 (Pa. Super. 2017). The court first noted its standard of review of an order granting or denying a motion *in limine*, which under the facts of this case requires an appellate court to apply an evidentiary abuse-of-discretion standard. *Id.* at 725. Next, the court observed that its review would be guided in part by Rules of Evidence 401 ("Test for Relevant Evidence") and 402 ("General Admissibility of Relevant Evidence"). Regarding Rule 401, the court explained, "Relevant evidence is that which has any tendency to make a fact more or less probable than it would be without the evidence[,] and the fact is of consequence in determining the action." *Id.* (quoting Pa.R.E. 401(a) & (b)) (quotation marks omitted). The court also noted that, pursuant to Rule 402, all relevant evidence is admissible and irrelevant evidence is inadmissible.

The Superior Court then quoted its decision in *Commonwealth v. Palagonia*, 868 A.2d 1212 (Pa. Super. 2005), which applied *Rini*, *supra*, for the proposition that "criminal defendants are entitled to offer evidence that some other person committed a similar crime at or around the same time they are alleged to have committed a crime." *Id.* at 726 (quoting *Palagonia*, 868 A.2d at 1216). The court explained that evidence is admissible to prove this fact if a defendant establishes: (1) "the lapse of time between the commission of the two crimes;" and (2) "the resemblance between the methodologies of the two crimes." *Id.* According to the court, even if the time lapse between the two

crimes is brief, the evidence is inadmissible unless the nature of the crimes is "so distinctive or unusual as to be like a signature or the handiwork of the same individual." *Id.* The court further explained that this Court has recognized that the "issue is whether there was a logical connection between the two crimes in question that would allow admission of this evidence to prove the identity of the perpetrator. The probative value of the degree of similarity of the crimes is inversely proportional to the time period separating the crimes." *Id.* (quoting *Commonwealth v. Bronshtein*, 691 A.2d 907, 916 (Pa. 1997)).

Without analyzing the trial court's reasoning, the Superior Court then concluded that the 2013 and 2016 burglaries[2] are not so similar, distinctive, or unusual as to suggest that they are the handiwork of one individual. In support of this conclusion, the court first asserted that, "with regard to the instant 2013 burglary, the affidavit of probable cause reveals that entry was made into the victim's home via the garage door code[]" and that a key was used to open the lockbox. *Gill*, 158 A.3d at 726. According to the court, there were "no signs of forced entry to the lockbox[,]" and "there were no tools utilized." *Id.* Next, the Superior Court stated, *inter alia*, that the means of entry into Speichler's home differed between the 2013 and 2016 incidents and that, "unlike the 2013 burglary, during both of the 2016 incidents, tools/force were utilized to either gain access to the house or to attempt to open the lockbox." *Id.* at 727.

Based on its representation of the record and the asserted "remoteness of time between the 2013 and 2016 incidents," the Superior Court concluded that the trial court "erred" in ruling that Appellant should be permitted to present at trial evidence of the 2016 burglaries of Speichler's home, suggesting that the Superior Court viewed the 2013 and

---

[2] As noted *supra*, because of the ambiguous nature of the trial court's order, the Superior Court addressed the admissibility of evidence regarding both of the 2016 incidents that occurred at Speichler's home.

2016 burglaries to be dissimilar as a matter of law. *Id.* at 727. In reaching this conclusion, the court agreed with the Commonwealth that "the fact the burglaries involved the same residence, and the victim reported to have similar amounts stolen in the 2013 and June 23, 2016, burglaries," are insufficient factors "by themselves to conclude the nature of the crimes was so distinctive or unusual as to be like a signature or the handiwork of the same individual." *Id.* For these reasons, the Superior Court reversed the trial court's order and remanded the matter for further proceedings.[3] *Id.*

Appellant subsequently filed a petition for allowance of appeal, which we granted, limited to the following issue, as stated by Appellant:

> Whether absent [a] finding the Court of Common Pleas acted with manifest unreasonableness, partiality, prejudice, bias, or ill-will, the Superior Court of Pennsylvania erred in finding evidence of another burglary committed against the same victim, at the same location, also without the use of forcible entry, and also utilizing the same key to unlock the same lock box containing the same alleged amount of money taken from the same victim (3) years after the instant alleged burglary is not relevant to the defense of the crime for which [Appellant] is charged and tends to prove a common scheme, plan, or design rendering the evidence admissible as evidence of similar crimes, behaviors, and/or acts[.]

*Commonwealth v. Gill*, 176 A.3d 848 (Pa. 2017).

In his brief to this Court, Appellant initially seems to suggest, *inter alia*, that this Court should adopt a new, more lenient test for a trial court to apply when a defendant wishes to present evidence that someone else committed the crime for which he is

---

[3] The Commonwealth presented a second issue to the Superior Court in which it contended that the trial court erred by ordering the Commonwealth to provide Appellant with copies of all reports, statements, and investigatory files regarding the June 23, 2016, incident. The Superior Court addressed this issue in a footnote, opining, "In light of the fact that the trial court ordered such disclosure solely in support of its ruling that the 2016 incidents were admissible to prove [Appellant] did not commit the instant crime, and in light of our discussion *supra*, we agree the trial court erred in this regard." *Id.* at 727 n.5. This Court's order granting allowance of appeal does not include consideration of this issue. Given the result that we reach in this opinion, the Superior Court is tasked, on remand, with reconsidering this issue.

charged with perpetrating. Appellant's Brief at 13-25. However, this Court granted allowance of appeal in this matter to address the narrow issue of whether the Superior Court properly applied the appropriate standard of review in reversing the trial court's order. We, therefore, decline Appellant's invitation to adopt or otherwise alter the substantive law in this area, as this issue was not contemplated in the Court's order granting, in part, Appellant's petition for allowance of appeal.[4]

As to the only issue before the Court, Appellant points out that an appellate court may reverse an evidentiary ruling only when the appealing party demonstrates that the trial court abused its discretion. In other words, Appellant contends, "the Superior Court may not reverse [a trial court's discretionary] decision absent 'manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous[.]'" Appellant's Brief at 25 (quoting *Commonwealth v. Hoover*, 107 A.3d 723, 729 (Pa. 2014)). Appellant takes the position that the Superior Court did not faithfully apply this standard of review because the intermediate court failed to defer appropriately to the trial court's evidentiary ruling. For these reasons, Appellant asks this Court to reinstate the trial court's order.[5]

The Commonwealth concedes that the Superior Court did not state precisely how the trial court abused its discretion insomuch as the court did not "parrot" the language of the controlling standard of review in concluding that the trial court "erred."

---

[4] Moreover, this Court already has established the law in this area. For example, as recently as 2014, this Court explained that it "is well established that evidence which tends to show that the crime with which a defendant is charged was committed by someone else is relevant and admissible." *Commonwealth v. Patterson*, 91 A.3d 55, 72 (Pa. 2014) (citing *Commonwealth v. McGowan*, 635 A.2d 113, 115 (Pa. 1993)). We further explained that "the defense may introduce evidence that someone else committed a crime which bears a highly detailed similarity to the crime with which the defendant is charged." *Id.* (quoting *Commonwealth v. Weiss*, 81 A.3d 767, 806-07 (Pa. 2013)).

[5] The Pennsylvania Association of Criminal Defense Lawyers filed an *amicus curiae* brief in support of Appellant, which essentially reiterates Appellant's concerns.

Commonwealth's Brief at 14. The Commonwealth, however, contends that the Superior Court clearly recognized that it was reviewing the trial court's decision for an abuse of discretion. Indeed, the Commonwealth posits that, when read in its totality, the Superior Court's opinion can be understood as properly concluding that the trial court abused its discretion by ruling that Appellant could present evidence at trial regarding the 2016 burglary because that burglary was too dissimilar and remote in time to the 2013 burglary.[6]

Regarding the "abuse of discretion" standard of review, this Court has explained that the "term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the [trial] judge." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted). "When a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden [on the appellant] to show that this discretion has been abused." *Commonwealth v. Eichinger*, 915 A.2d 1122, 1140 (Pa. 2007) (citation omitted). An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. *Id.*

Absent an abuse of that discretion, an appellate court should not disturb a trial court's discretionary ruling. *Id.* An appellate court will not find an abuse of discretion "based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is

---

[6] Whether the Superior Court properly applied the "abuse of discretion" standard of review presents this Court with a question of law. Accordingly, our scope of review is plenary, and our standard of review is *de novo*. *Skotnicki v. Insurance Department*, 175 A.3d 239, 247 (Pa. 2017). We further note that, in their briefs to this Court, the parties indicate that Jamie Erdley was charged with and pleaded guilty to burglary related to the 2016 incidents at Speichler's home.

manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* Importantly, an appellate court should not find that a trial court abused its discretion merely because the appellate court disagrees with the trial court's conclusion. *Hoover*, 107 A.3d at 729. Indeed, "when reviewing the trial court's exercise of discretion, it is improper for an appellate court to 'step[ ] into the shoes' of the trial judge and review the evidence *de novo*." *Polett v. Pub. Commc'ns, Inc.*, 126 A.3d 895, 924 (Pa. 2015) (quoting *Commonwealth v. Clay*, 64 A.3d 1049, 1056 (Pa. 2013)). In other words, an appellate court "may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court." *Polett*, 126 A.3d at 924.

In the instant matter, the trial court exercised its discretion and found that the 2013 and June 23, 2016, burglaries were sufficiently similar to permit Appellant to introduce evidence of the 2016 burglary at his trial. In support of that conclusion, the court highlighted that the "victim was the same, the amount of money was the same, there was no sign of forced entry, and the lockbox was accessed with a key." Trial Court Opinion, 10/19/2016, at 1. Rather than examining the trial court's conclusion and rationale for an abuse of discretion, the Superior Court began its substantive analysis by immediately reaching its independent determination that the burglaries in question are insufficiently similar to allow Appellant to present evidence of the 2016 burglary. *Gill*, 158 A.3d at 726.

The Superior Court supported its independent conclusion by reviewing the evidence of record *de novo*. In so doing, the court, at times, did not aptly recite the evidence. For example, regarding the 2013 burglary, the Superior Court suggested that the affidavit of probable cause "reveals that entry was made into the victim's home *via* the use of the garage door code[.]" *Gill*, 158 A.3d at 726. However, the affidavit of probable cause does not reveal that the perpetrator of the alleged 2013 burglary entered Speichler's home by using the garage door code. Instead, the affidavit of probable cause

specifically states that Speichler "suspected" that entry was made *via* the use of the garage door's keypad.[7] Affidavit of Probable Cause, 6/2/2015.

We further observe that, when the Superior Court did speak to the trial court's ruling, the intermediate court did not give full credit to the trial court's reasoning. Specifically, in discrediting the trial court's analysis, the Superior Court asserted that a similar amount of money stolen and the same victim are insufficient factors "by themselves" to establish that they were the work of the same individual. *Gill*, 158 A.2d at 727. Yet, the trial court did not solely note those two factors. Again, in finding the 2013 and 2016 burglaries sufficiently similar, the trial court pointed out that the "victim was the same, the amount of money was the same, there was no sign of forced entry, and the lockbox was accessed with a key." Trial Court Opinion, 10/19/2016, at 1. Moreover, the trial court concluded that the 2016 burglary constituted relevant evidence for purposes of cross-examining Speichler.

After a careful review of the certified record, the lower courts' opinions, and the parties' briefs, we are convinced that, in reversing the trial court's order, the Superior Court effectively substituted its judgment for that of the trial court, which, as discussed above, is an impermissible exercise of appellate court authority when reviewing a trial court's discretionary ruling. Given this holding, we could vacate the Superior Court's judgment and remand the matter to that court for a review that is consistent with this opinion. However, this Court is intimately familiar with the application of the abuse-of-discretion standard of review; consequently, for the sake of judicial economy, we will apply that standard to the trial court's order.

---

[7] Indeed, as the trial court alluded in its 1925(a) opinion, Appellant may cross-examine Speichler about the similarities between the 2013 and June 23, 2016, incidents, which may lead a jury to discredit Speichler's suspicion that the 2013 burglary involved the use of the garage's keypad because other means of entering the home without force may have been available, such as an unlocked sliding glass door.

Initially, we acknowledge that the admissibility of evidence regarding the June 23, 2016, burglary is a close call. For example, the three-year gap between the two burglaries certainly diminishes the probative value of any evidence concerning the 2016 burglary. Yet, as observed by the trial court, the undeniably unique similarities shared by the incidents weighs in favor allowing a fact-finder to consider the evidence in determining Appellant's guilt.

Ultimately, reasonable minds may differ as to how a trial court should rule on Appellant's Amended Motion in Limine given the highly subjective nature of whether the 2013 and June 23, 2016, burglaries are sufficiently similar and close enough in time for purposes of admissibility. However, in this matter, the trial court entered an order permitting Appellant to present evidence at trial regarding the 2016 burglary based upon its finding that the 2013 and 2016 burglaries were substantially similar insomuch as the "victim was the same, the amount of money was the same, there was no sign of forced entry, and the lockbox was accessed with a key." Trial Court Opinion, 10/19/2016. A review of the record and controlling law demonstrates that the court was within its discretion in reaching this result, as there is no indication that: (1) the court's conclusion overrides or misapplies the law; (2) the court's judgment was manifestly unreasonable; or (3) the court's decision was the result of partiality, prejudice, bias, or ill-will. *Eichinger*, 915 A.2d at 1140. Under such circumstances, an appellate court should defer to the trial court's ruling and resist considering *de novo* the admissibility of the evidence in question. Accordingly, we will not disturb the trial court's order.

For these reasons, we reverse the Superior Court's judgment insomuch as it reversed the trial court's order granting Appellant's motion *in limine*, vacate the portion of the Superior Court's judgment that reversed the part of the trial court's order directing the Commonwealth to provide Appellant with all reports statements, and investigatory files

regarding the 2016, incident, and remand to the Superior Court to allow that court to reconsider whether the trial court erred by directing the Commonwealth to provide to Appellant all reports, statements and investigatory files regarding the 2016 incident.

Chief Justice Saylor and Justices Todd, Donohue, Dougherty and Mundy join the opinion.

Justice Wecht files a concurring opinion in which Justice Donohue joins.