J-A05018-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH G. DAHL | : | |
| | : | |
| Appellant | : | No. 643 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 11, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009114-2017

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    FILED MARCH 09, 2020

Joseph G. Dahl appeals from the judgment of sentence of two years of probation imposed after a jury convicted him of home improvement fraud. We affirm.

The trial court aptly summarized the factual history as follows:

> At trial, Jean Lombardi testified that on March 2, 2017, she and Appellant entered into a contract wherein she would pay him $26,500 to repair her deck, steps, a patio and a sidewalk around her house.  She paid him $2650 as a deposit, and he gave her a receipt.  Lombardi testified that Appellant promised to start the project at the end of March or beginning of April.  On May 7, 2017, she gave Appellant a check for $14,000 which Appellant told her was for materials.  She testified that she called him numerous times in May and Appellant would either apologize for the delay or not return her call. Ultimately, she received a certified letter from Appellant returning blueprints she had provided to Appellant.  She continued to call him through June 2017 without successfully

_____

[*] Retired Senior Judge assigned to the Superior Court.

reaching him. On July 8, 2017, she sent him a certified letter asking for the return of her money.

In addition, Scott Chermak, the O'Hara Township zoning office, testified that Appellant applied for a building permit on April 7, 2017. Chermak testified that additional documents were required, which Appellant submitted, and the permit was issued on May 5, 2017. The permit was admitted into evidence. A note on the permit indicates that the secretary called Appellant on May 8, 2017 and again on June 5, 2017 to pick up the permit. Appellant never picked up the permit.

Appellant also testified at trial. He stated that he contracted with Lombardi on a large decking project that he anticipated would take two months to complete. He completed an eight page residential permit application in furtherance of the project. Appellant indicated that his start date was delayed by rainy weather and personal circumstances including a flood in his house. He said that he did not recall receiving frequent phone calls from Lombardi. He did not recall sending a certified letter to Lombardi or ever getting pressed for time by her. He stated that he received a certified letter on July 15, 2017 demanding the return of Lombardi's money.

Trial Court Opinion, 6/24/19, at 4-5 (citations to the record omitted).

Appellant was charged with home improvement fraud-receives advance payment for services and fails to perform. He proceeded to a jury trial where he was convicted of the aforementioned charge. On March 11, 2019, Appellant was sentenced to two years of probation, and his timely post-sentence motion was denied.

Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court thereafter authored its Pa.R.A.P. 1925(a) opinion. Appellant presents the following issues for our review:

1.      Whether the evidence at trial was insufficient to prove that Appellant committed the offense of [h]ome [i]mprovement [f]raud where the Commonwealth failed to prove, beyond a reasonable doubt, each element of the offense.

2.      Whether the trial court abused its discretion when it refused to grant a continuance prior to trial where ongoing negotiations to a pre-trial resolution were still ongoing and said continuance was in the interest of justice.

3.      Whether the trial court abused its discretion when it refused to admit testimony from Appellant and another witness, at trial, regarding plea negotiations between Appellant and the Commonwealth.

4.      Whether the verdict at the convicting Appellant of [h]ome [i]mprovement [f]raud was so contrary to the weight of the evidence as to shock one's sense of justice because the Commonwealth failed to show that Appellant failed to act with the requisite mens rea.

Appellant's brief at 8-9.

Appellant's first claim challenges the sufficiency of the evidence to support his home improvement fraud conviction. Our standard of review when considering a challenge to the sufficiency of the evidence is:

> [w]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be

- 3 -

considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Gause, 164 A.3d 532, 540-41 (Pa.Super. 2017) (citations and quotation marks omitted).

The Pennsylvania Crimes Code defines home improvement fraud-receives advance payment for services and fails to perform as follows:

(a) Offense defined.--A person commits the offense of home improvement fraud if, with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

. . . .

(2) receives any advance payment for performing home improvement services or providing home improvement materials and fails to perform or provide such services or materials when specified in the contract taking into account any force majeure or unforeseen labor strike that would extend the time frame or unless extended by agreement with the owner and fails to return the payment received for such services or materials which were not provided by that date

73 Pa.C.S. § 517.8(a)(2).

Appellant argues that, because the Commonwealth failed to prove that a specified start date for the project was contained within the written contract, the evidence was insufficient to sustain his conviction for home improvement fraud.[1] Appellant's brief at 22-23. The Commonwealth counters that the start

_____

[1] Appellant also argues that the Commonwealth failed to prove that a written contract existed, as opposed to a written proposal. Appellant's brief at 23. However, since Appellant did not preserve this issue below, it is waived. Even

date was discussed orally and this was a matter of factual dispute testified to by both the victim and Appellant at trial. Commonwealth's brief at 15. The jury credited the victim's testimony that multiple start dates were set, and each time Appellant failed to appear. Id. at 15-16.[2] Accordingly, the trial court ruled that the Commonwealth presented enough evidence to support its conviction for home improvement fraud. We agree.

The testimony at trial established that Appellant and the victim entered into an agreement, whereby Appellant would build a deck, steps, patio, and sidewalk for $26,650.00. The parties signed an agreement to this effect and the victim provided Appellant with a ten percent down payment. The victim testified that Appellant orally promised to start work first in late March or early April, then in early May or late May, and finally in early June. N.T. Jury Trial, 64, 67-68, 71, 110. Each time Appellant failed to appear. Notably, after Appellant failed to start work, or even retrieve the necessary building permit prior to the first agreed-upon start date, Appellant demanded and accepted $14,000 in additional funds from the victim. Id. at 43, 65. Finally, although

_____

if it was not waived, Appellant would not be entitled to any relief, since he conceded the existence of a contract when he testified at trial. N.T. Jury Trial, 10/16/18, at 128.

[2] Appellant also contends that because there was no explicit starting date in the written contract the evidence was insufficient. He also argues that the evidence was insufficient because the victim acquiesced to all of Appellant's extension requests. Appellant cannot have it both ways. By alleging that the victim acquiesced to his extension requests, Appellant necessarily concedes that there were multiple agreed-upon start dates to postpone. We find Appellant's contradictory argument disingenuous and unconvincing.

Appellant returned the blueprints for the project, he never returned the victim's money. Id. at 72. Thus, viewing the evidence in the light most favorable to the Commonwealth, as we must, we conclude that it was sufficient to permit the jury to find that Appellant committed home improvement fraud.

Second, Appellant contends that the trial court abused its discretion when it refused to grant his fourth request for a continuance prior to trial. Appellant's brief at 24. Appellant explains that he needed the continuance in order to continue negotiations with the Commonwealth. Appellant's brief at 24.

It is well-settled that the decision to grant or deny a continuance rests within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. Commonwealth v. Broitman, 217 A.3d 297, 299 (Pa.Super. 2019). Notably, "[a] bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion." Commonwealth v. Ross, 57 A.3d 85, 91 (Pa.Super. 2012).

Before trial commenced, the court placed on the record the relevant procedural background and its reasons for denying Appellant's requested continuance.

> This case was scheduled for trial on January 10, 2018. That was the first postponement. [Appellant] was going to represent himself on felony charges. I asked him if he wanted to speak to an attorney and that he had a right to Counsel to do that.

He then spoke with an attorney, Mr. Joe, who was in the room, and requested for Counsel which he then did. A couple of days later, my notes indicate January 16th, Mr. McCune entered his appearance. We then had a postponement request from Mr. McCune on March 5th because [Appellant] wished to have some time to obtain the money needed for a 586 resolution.[3] That was March 5th.

Then we had a third defense postponement. Again, in good faith, I granted that postponement on the basis that [Appellant] had the money for a 586 but wished to have additional time for the District Attorney to review it and consider waiving court costs. And I did tell him at that time that it would be the last postponement.

So at that time he represented that he had all the money collected and with him for a 586 resolution. And then last week Mr. McCune came in wanting another postponement because he and his client wished to -- they made a counteroffer to the amount.

They did get an agreement from the District Attorney's Office to waive costs, and they indicated that they wanted to negotiate the actual amount. At that time I said, no, I would not grant one more defense postponement. It had already been postponed three times.

N.T. Jury Trial, 10/15/18, at 3-5. In its opinion, the trial court reiterated its earlier findings that Appellant had been granted "a reasonable amount of time within which to negotiate with the District Attorney's Office." Trial Court Opinion, 6/24/19, at 6-7. Additionally, the trial court found that Appellant had not established prejudice because the record did not support a conclusion that the restitution amount was up for further negotiation. Id.

_____

[3] Pa.R.Crim.P. 586 allows for the dismissal of criminal charges not committed by force or violence upon payment of restitution.

- 7 -

Here, the trial court's denial of the continuance was based upon its need to swiftly administer justice. Appellant had already been granted multiple postponements, including one for nine months, to negotiate with the Commonwealth. Further, he provided no evidence that negotiations were still ongoing, and thus, failed to establish that he suffered prejudice when the continuance was denied. In light of our deferential standard of review, we conclude that the trial court did not abuse its discretion when it denied Appellant's request for a fourth continuance.

In his third claim, Appellant argues that his constitutional right to cross-examine an adverse witness was violated when the trial court sustained a Commonwealth objection. Appellant's brief at 27. Specifically, the trial court barred Appellant from pursuing a line of questioning that would have revealed to the jury that, during plea negotiations, Appellant offered to pay back the money he owed the victim. Id. at 28; see also N.T. Jury Trial, 10/16/18, at 103. In Appellant's view, this testimony was relevant and admissible because it showed that Appellant did not intend to defraud the victim, and the trial court erred when it did not allow him to elicit this statement from the victim on cross-examination. Id.

We review claims involving the admission of evidence for an abuse of discretion. Commonwealth v. Gill, 206 A.3d 459, 466 (Pa. 2019). When a trial court "comes to a conclusion through the exercise of its discretion, there

is a heavy burden on the appellant to show that this discretion has been abused." Id.

The trial court "found dispositive" Pa.R.E. 410(a)(4), which expressly precludes the admission of statements made during plea discussions if the discussions did not result in a guilty plea. Trial Court Opinion, 6/24/19, at 7; see also Commonwealth v. Burno, 154 A.3d 764, 783-84 (Pa. 2017). Appellant concedes that his offer to pay back the money was made during plea negotiations. However, he maintains that Rule 410(a)(4) does not apply to him because the rule "seeks to protect the interest of the defendant, not the Commonwealth's witnesses." Appellant's brief at 31. He cites to Burno, supra, a case where we affirmed the trial court's ruling precluding the Commonwealth from admitting a confession that the defendant made during plea negotiations. However, neither Rule 410(a)(4) nor Burno make any distinction between evidence beneficial or detrimental to the defense. We decline to create such a distinction here.

Appellant also contends that an exception to Pa.R.E. 408(a) allows for the admission of the evidence. That rule provides:

Pa.R.E. 408. Compromise Offers and Negotiations

(a) Prohibited Uses. Evidence of the following is not admissible—
on behalf of any party—either to prove or disprove the validity or
amount of a disputed claim or to impeach by a prior inconsistent
statement or a contradiction:

(1) furnishing, promising, or offering—or accepting,
promising to accept or offering to accept—a valuable

consideration in compromising or attempting to compromise the claim; and

(2) conduct or a statement made during compromise negotiations about the claim.

(b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Without any authority to support his position, Appellant baldly asserts that the excluded evidence would have addressed the issue of whether Appellant unduly delayed the reimbursement of the victim. Appellant's brief at 30-31. This argument, while deficiently developed here, was not even presented to the trial court. Therefore, it is waived and we are barred from considering it here. Pa.R.A.P. 302 (issues not raised in the lower court are waived on appeal).

Moreover, the trial court found that the evidence did not survive a threshold relevancy analysis. N.T. Jury Trial, 10/16/18, at 103-04; see also Pa.R.E. 401. Appellant's willingness to refund the victim's money in exchange for the resolution of the criminal charges did nothing to negate his repeated refusals to either perform on the contract or return the victim's money prior to the filing of the criminal charges. Id. Accordingly, we find that the trial court did not abuse its discretion when it ruled the proffered evidence inadmissible.

In his final claim, Appellant attacks the weight of the evidence to support his conviction for home improvement fraud. Appellant's brief at 32. Such a

claim is addressed in the first instance to the discretion of the trial court. As we explained in Commonwealth v. Stokes, 78 A.3d 644, 650 (Pa.Super. 2013):

> A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence, do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

Id. In short, a verdict should not be overturned on this basis unless "it is so contrary to the evidence as to shock one's sense of justice." Commonwealth v. Cash, 137 A.3d 1262, 1270 (Pa. 2016).

Our standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013) (internal citations omitted) (emphasis in original).

In its opinion, the trial court expressly rejected Appellant's contention that the verdict was against the weight of the evidence because the Commonwealth did not prove that Appellant possessed the necessary mens rea for home improvement fraud. The court credited the victim's testimony that "Appellant took her money, failed to perform the work requested, failed to maintain contact, and failed to return the money upon request" and concluded that the "verdict does not shock the conscience of this [c]ourt and is without merit." Trial Court Opinion, 6/24/19, at 5. We find no abuse of discretion on the part of the trial court in concluding that the verdict was not against the weight of the evidence.

Appellant maintains that, because he created building plans, made a list of materials he needed to acquire in order to complete the job, and continued communicating with the victim, he did not have the requisite intent to defraud. Appellant's brief at 34-35. These facts were brought out to the jury during Appellant's testimony. See N.T. Jury Trial, 10/16/18, at 130-33 (testifying that he submitted a residential permit application); 135-38 (testifying that he created a "materials list" at Home Depot); 139 (testifying that every time he received a phone call from the victim he always returned it). Appellant is merely rehashing the arguments he made at trial, which the jury rejected, as was its prerogative. See Commonwealth v. Flor, 998 A.2d 606, 626 (Pa. 2010) (reaffirming that the jury is entitled "to believe all, part, or none of the

evidence, and credibility determinations rest solely within the purview of the fact-finder"). Accordingly, no relief is due. We affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2020