**[J-96-2019] [OAJC: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 25 MAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court at No. 1893 MDA 2017 dated |
| | : | August 31, 2018 Affirming the Order |
| v. | : | dated October 26, 2017, filed |
| | : | October 31, 2017, of the Lycoming |
| | : | County Court of Common Pleas, |
| TODD DANIEL HOOVER, | : | Criminal Division, at No. CP-41-CR- |
| | : | 2120-2012 |
| Appellant | : | |
| | : | ARGUED: November 19, 2019 |

**CONCURRING OPINION**

**JUSTICE DONOHUE**                                        **DECIDED: May 19, 2020**

I join the Opinion Announcing the Judgment of the Court ("OAJC").

I write separately to speak briefly on two points. First, the question accepted for review was whether the trial court abused its discretion by rescinding the September 29, 2017 order granting Hoover early release from his intermediate punishment sentence ("early release order"). Order, 2/27/2019. "Regarding the 'abuse of discretion' standard of review, this Court has explained that the term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, *within the framework of the law*, and is not exercised for the purpose of giving effect to the will of the [trial] judge." *Commonwealth v. Gill*, 206 A.3d 459, 466 (Pa. 2019) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted)) (emphasis supplied). The OAJC answers the question accepted for review in terms of the trial court's

"authority" to revoke its early release order—an approach that Justice Baer challenges. CDO at 3–5. Given the basis for the OAJC's analysis and conclusion, certainly Judge Butts abused her discretion by revoking the early release order in a manner that violated Hoover's constitutional rights. It cannot be reasonably argued that the decision was within the framework of the law.

Second, contrary to Justice Wecht's conclusion, CO at 1, I find support in the certified record for the trial court's rescission of the early release order. The order on appeal and all matters involving the case are filed at the docket in the matter of *Commonwealth v. Todd Daniel Hoover*, in the Court of Common Pleas of Lycoming County, CP-41-002120-2012. Included in the docket is the order Judge Lovecchio entered on October 12, 2017 and docketed on October 13, 2017. In his order which resulted from a revocation hearing (the transcript of which is also docketed), Judge Lovecchio stated:

> **AND NOW**, this 12th day of October, 2017, following a hearing, the Court is constrained to agree with defense counsel that technically defendant was not under supervision when he allegedly committed the new DUI. *A copy of this Order shall be provided to Judge Butts* with the following notation:
>
> The defendant was released early from supervision by order of Judge Butts on September 29, 2017, which was docketed sometime in the afternoon. Later that evening the defendant was arrested and charged with yet another DUI. The effective date of defendant's Intermediate Punishment was August 13, 2013, and it was a five (5) year Intermediate Punishment sentence. The defendant would not have maxed out on the Intermediate Punishment until August 13 of 2018. The defendant was released approximately a year early.
>
> Although a petition for reconsideration is pending before Judge Butts, *this* Court *would ask that Judge Butts would vacate the order immediately in order that the defendant can be replaced onto supervision*, and be placed on a TAD unit as a condition of his supervision.

Order, 10/13/2017, at 1 (emphases supplied). Judge Butts relied on that court record when she entered the order at issue. *See* Rule 1925(a) Opinion, 1/11/2018, at 2, 4.

While I do not condone the off the record proceedings in this case, it is inaccurate to state that the lack of a record here precludes our review. Further, unlike Justice Wecht, I do not believe that Hoover relies on this defect as a basis for this appeal. His challenge is to reliance on facts not of record (i.e., non-existent) at the time the early release order was entered, not the lack of a record of the proceedings giving rise to this appeal.