J-S14026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CODY JAMES LEVAY | : | |
| | : | |
| Appellant | : | No. 1116 WDA 2021 |

Appeal from the Judgment of Sentence Entered April 26, 2021
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003697-2017

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED: AUGUST 8, 2022**

Cody James Levay (Appellant) appeals from the judgment of sentence[1] entered in the Westmoreland County Court of Common Pleas after his non-jury conviction of driving under the influence (impaired driving, second offense) (DUI).[2] On appeal, he challenges the sufficiency and weight of the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant filed the instant appeal challenging the court's August 18, 2021, order denying his post-sentence motion. Appellant's Notice of Appeal, 9/17/21. This appeal, however, properly lies from the judgment of sentence, entered on April 26, 2021, made final by the denial of post-sentence motions. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted). The caption reflects that this appeal properly lies from the April 26, 2021, judgment of sentence.

[2] 75 Pa.C.S § 3802(a)(1).

evidence, arguing the Commonwealth did not prove he was impaired at the time of the accident. For the reasons below, we affirm.

We glean the following facts from the trial court's opinion:

> On July 4, 2017, around 7:00 to 7:20 p.m., Sergeant Nunzio Santo Colombo, of the Borough of Latrobe Police Department, was dispatched to the scene of a motorcycle accident in the 1100 block of Cedar Street, Borough of Latrobe, Westmoreland County, Pennsylvania. When [Sergeant] Santo Colombo arrived, [Appellant] was standing in a driveway, bleeding from wounds on his face and arms. [Appellant]'s clothing also was torn. He was next to a motorcycle which was upright with damage to the sides of the vehicle. A street sign was knocked over and there was damage to the front yard of the house at . . . Cedar Street.
>
> In response to a question from [Sergeant] Santo Colombo, [Appellant] acknowledged that he was the driver of the motorcycle. [Sergeant] Santo Colombo observed a strong odor of alcohol coming from [Appellant]'s breath and person and that [he] had red glassy eyes. [Sergeant] Santo Colombo asked [Appellant] whether he had "been drinking." [Appellant] replied that he had [his] "last beer" around 2:30 p.m. that afternoon.
>
> After [Appellant] argued against medical treatment, he was transported to Latrobe Hospital due to his injuries. At the hospital, [Appellant] refused to submit to a blood alcohol test. [Appellant] requested that he be given a breath test but [the] breathalyzer equipment was not available in the Latrobe Police Department.

Trial Ct. Op., 8/18/21, at 2-3 (unpaginated; footnote and record citations omitted). Appellant was subsequently arrested for DUI and driving at an unsafe speed.[3]

This case proceeded to a one-day, non-jury trial on December 10, 2019, where Sergeant Santo Colombo testified to the facts above. The officer also

---

[3] 75 Pa.C.S. § 3361.

averred that based on his training, experience, and observations at the time of the accident, Appellant's statement that his last beer was at 2:30 p.m. was unreasonable and Appellant was "under the influence of alcohol to a degree which rendered him incapable of safely driving [a] vehicle." N.T., 12/10/19, at 15-16. Further, the sergeant noted Appellant's speech was "fair and coherent." *Id.* at 18.

The trial court found Appellant guilty of DUI and not guilty of the remaining offense. Sentencing was continued until April 26, 2021. On that date, the court sentenced Appellant to a term of six months' probation and other DUI related restrictions. Appellant filed a post-sentence motion challenging both the sufficiency and weight of the evidence, which the trial court denied on August 18, 2021. Appellant filed a timely notice of appeal and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4]

Appellant raises the following claims on appeal:

1. Did the [trial court] err in concluding that there was sufficient evidence to convict [Appellant] of [DUI] to a degree that he was unable to safely operate his vehicle at the time he drove?

2. Did the [trial court] err in denying post-sentence motions and determining that the verdict was not against the weight of the evidence?

Appellant's Brief at 4.

---

[4] On November 5, 2021, the trial court issued a Pa.R.A.P. 1925(b) statement, indicating that it was relying on its April 18, 2021, opinion.

In his first claim, Appellant avers the Commonwealth did not present sufficient evidence to support the DUI conviction. Appellant's Brief at 8. Appellant contends that even though Sergeant Santo Colombo smelled a strong odor of alcohol and observed the scene after the accident, there was "absolutely no testimony . . . related to what happened at the time of driving[.]" *Id.* at 8. He argues that

> [w]ithout any testimony as to what may have caused the accident and [Appellant's] actions [ ] there was insufficient evidence for the trier of fact to draw the conclusion that the Commonwealth had met [its] burden of proof beyond a reasonable doubt of the key element of the crime which was impairment at the time of driving. The fact that [Appellant] had an odor of alcohol about his person and that he had red glassy eyes after having the severe injury to the face and near the eye is insufficient to draw conclusions as to what may have caused the accident or what [Appellant's] impairment was at some point in the past.

*Id.* at 9. Appellant highlighted that Sergeant Santo Colombo testified that Appellant had severe injuries, but his speech was "fair and coherent[.]" *Id.* He further noted there were no field sobriety tests performed. *Id.* Appellant concedes that the court "could draw a reasonable inference [that he] was involved in an accident" and the evidence "suggested intoxication[,]" but asserts that because there was no eyewitness testimony regarding Appellant's driving during the accident, the Commonwealth did not meet its burden. *Id.* at 9. Appellant also maintains there are a "plethora of possible explanations" outside of driving while intoxicated to explain his involvement in the accident. *Id.*

Our standard of review regarding challenges to sufficiency is well-settled:

> [T]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof [of] proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. [Moreover], in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Kim*, 888 A.2d 847, 851-52 (Pa. Super. 2005) (citation omitted).

DUI under the relevant subsection is defined as follows:

**(a) *General impairment.***

> **(1)** An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). "The Commonwealth must establish that the defendant (1) was operating a motor vehicle (2) after imbibing a sufficient amount of alcohol such that he was rendered incapable of safely operating the

- 5 -

motor vehicle." ***Commonwealth v. Clemens***, 242 A.3d 659, 665 (Pa. Super. 2020) (citations omitted).

> To prove a person is incapable of driving safely, the Commonwealth must prove
>
>> that alcohol has substantially impaired the normal mental and physical faculties required to operate the vehicle safely; substantial impairment means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. The meaning of substantial impairment is not limited to some extreme condition of disability. Section 3802(a)(1), like its predecessor, is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.

***Id.***

Here, the trial court found that "[t]here [was] no dispute" that Appellant operated a motorcycle, so the question turned to whether the Commonwealth established that Appellant was "rendered incapable of safe driving" due to alcohol consumption. ***See*** Trial Ct. Op. at 9. The trial court determined there was sufficient evidence to support the DUI conviction based on the following:

> [Sergeant Santo Colombo observed there] were no adverse road conditions at the scene, the weather was bright and sunny, and there was a low speed limit in the area of the incident. There was, therefore, no explanation for [Appellant's] motorcycle accident other than unsafe driving on [Appellant's] part.
>
> [Sergeant] Santo Colombo observed a strong odor of alcohol from [Appellant's] breath and about his person which continued to be observable at the hospital where [Appellant] was taken for treatment of his injuries. [Sergeant] Santo Colombo also noted that [Appellant's] eyes were red and glassy. [Appellant] admitted that he had consumed alcohol earlier in the

day; however, based on [Sergeant] Santo Colombo's training and experience and his observations of [Appellant], [Sergeant] Santo Colombo concluded that [Appellant's] statement was not reasonable.[FN] While at the scene, [Appellant] initially refused medical treatment but eventually consented to go to the hospital after encouragement from [Sergeant] Santo Colombo. Once at the hospital, [Appellant] refused [Sergeant] Santo Colombo's request for a blood alcohol sample.

---

FN Intoxication is a matter of common knowledge, and opinions given by lay people are permissible on the issue. ***Commonwealth v. Bowser***, 624 A.2d 125, 133 (Pa. Super. 1993) (internal citations omitted). . . . ***Commonwealth v. Williams***, 941 A.2d 14, 27 (Pa. Super. 2008) (A police officer may render an opinion as to whether a person is intoxicated.) (citations omitted).

Trial Ct. Op. at 6-7.

We agree with the trial court's analysis. The Commonwealth presented sufficient, circumstantial evidence to prove Appellant imbibed enough alcohol such that he was rendered incapable of safely operating the motorcycle. ***See Clemens***, 242 A.3d at 665. First, the nature of the accident, including the fact that there was no other explanation for its cause, like another vehicle was involved or there was inclement weather, is a significant factor in proving Appellant was incapable of safe driving. Second, Appellant admitted that he consumed alcohol earlier that day. N.T., 12/10/19, at 11. Third, Sergeant Santo Colombo testified that based on his observations — Appellant's red glassy eyes, his inculpatory statements, and the strong odor of alcohol emanating from his breath and person — Appellant was under the influence and not capable of safely operating his motorcycle. ***Id.*** at 10-11, 15-16. Fourth, Appellant's refusal to submit to a blood test may be considered

consciousness of guilt evidence. **See Commonwealth v. Bell**, 211 A.3d 761, 770-71 (Pa. 2019), *citing* 75 Pa.C.S. §1547(e) (when charged under any subsection of the DUI statute, refusal "to submit to chemical testing as required by subsection (a) may be introduced into evidence [and] may be considered with other factors").

Though Appellant contends the officer was "required" to observe him at the time of driving, he offers no authority to support this argument. Appellant's Brief at 8. Moreover, contrary to Appellant's assertions, the "circumstances established by the Commonwealth need not preclude every possibility of innocence." **See Kim**, 888 A.2d at 851-52. The Commonwealth has "no specific restraint[s] . . . in the manner in which it may prove" that Appellant operated a vehicle while under the influence of alcohol and incapable of safe driving. **See Clemens**, 242 A.3d at 665. Here, even though the officer did not specifically observe Appellant's accident, the Commonwealth presented a considerable amount of circumstantial evidence to prove Appellant was driving at the time. Notably, Appellant does concede that the trial court could draw a reasonable inference that he was involved in an accident and the factors observed by Sergeant Santo Colombo did, in fact, suggest intoxication. Appellant's Brief at 9. As such, viewed in the light most favorable to the Commonwealth, we conclude the trial court properly drew a reasonable inference that Appellant was not capable of safe driving due to

alcohol consumption at the time of the incident. ***See Kim***, 888 A.2d at 851-52. Accordingly, Appellant's sufficiency argument has no merit.[5]

In this second claim, Appellant argues the verdict was against the weight of the evidence[6] and the trial court gave "undue weight" to Sergeant Santo Colombo's testimony. Appellant's Brief at 11. Appellant maintains that because there were no field sobriety tests and no observations of Appellant while driving, the trial court, sitting as fact finder, had "no evidence" to determine that he was guilty of the crime charged. ***Id.*** at 11-12.

This Court's standard of review of a weight of the evidence claim is limited:

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. On review, an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather,

---

[5] Appellant cites ***Commonwealth v. Eichler***, 133 A.3d 775 (Pa. Super. 2016), in support of his argument. Appellant misconstrues ***Eichler***'s holding, which does not support his argument that a conviction under DUI requires a witness to observe Appellant's conduct. ***See Eichler*** 133 A.3d at 790 (stating DUI is an "at the time of driving" offense, but not limiting how the Commonwealth may sustain its burden); 790-91 (eyewitness testimony that the defendant was driving erratically was one of several factors the trial court used to conclude guilt).

[6] Appellant properly preserved his weight claim in his post-sentence motion pursuant to Pa.R.Crim.P. 607 (A)(1)-(3) (a challenge to the weight of the evidence must be raised before the trial court either before sentencing or in a post-sentence motion.); ***see also*** Appellant's Post-Sentence Motions, 5/5/21, at 2-3 (unpaginated).

determines only whether the trial court abused its discretion in making its determination.

*Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013) (citations omitted). The fact finder is free to believe all, some, or none of the evidence presented. *Commonwealth v. Jacoby*, 170 A.3d 1065, 1078 (Pa. 2017) (citations omitted).

This Court will not find an abuse of discretion

based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Importantly, [this C]ourt should not find that a trial court abused its discretion merely because [we] disagree[ ] with the trial court's conclusion. Indeed, "when reviewing the trial court's exercise of discretion, it is improper for [this C]ourt to 'step[ ] into the shoes' of the trial judge and review the evidence de novo." In other words, [this C]ourt "may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court."

*Commonwealth v. Gill*, 206 A.3d 459, 467 (Pa. 2019) (citations and some quotation marks omitted).

We agree with the trial court's conclusion that the weight of the evidence supported the verdict. Trial Ct. Op. at 9. The trial court opined:

[T]he Commonwealth's evidence was not contradictory in nature or so tenuous, vague, and uncertain that the verdict of guilty shocks the conscience of the court. Although, the evidence that [Appellant] was under the influence of alcohol to the degree that he was incapable of safe driving was not presented through traditional field sobriety testing, it is nonetheless consistent and supportive of the verdict of guilt. The Commonwealth's evidence was neither contradictory nor vague in nature. The weight of the evidence substantiates the verdict that [Appellant] was guilty.

*Id.*

- 10 -

The Commonwealth presented evidence demonstrating Appellant ingested alcohol to the point he was rendered incapable of safe driving through Sergeant Santo Colombo's testimony, in which he stated Appellant smelled like alcohol, had red glassy eyes, and admitted to drinking alcohol earlier that day. N.T., 12/10/19, at 10-11, 15-16. Sergeant Santo Colombo also testified that based on his experience and observations, he did not believe Appellant's statement that he had his last beer at 2:30 p.m., approximately four hours before the accident. *Id.* at 15-16. The trial court was free to weigh this evidence as it saw appropriate and determined that despite not having field sobriety or blood alcohol tests, it found the officer credible based on the guilty verdict. *See Jacoby*, 170 A.3d at 1078. Appellant failed to show how the trial court abused its discretion where its conclusions were supported by the record, and as such, no relief is due. *See Gill*, 206 A.3d at 467. Like his sufficiency argument, Appellant's weight claim also fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2022