**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| LUIS GILBERT ORTIZ-CRUZ | : | |
| | : | |
| Appellant | : | No. 1055 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 3, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at No(s): CP-22-CR-0002213-2017

BEFORE: BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: JUNE 27, 2022**

Luis Gilbert Ortiz-Cruz (Appellant) appeals *nunc pro tunc* from the judgment of sentence entered in the Dauphin County Court of Common Pleas following his jury convictions of possession of a firearm prohibited[1] and conspiracy to commit possession of a controlled substance with intent to deliver (PWID).[2] Appellant challenges the admission of prior bad acts

---

[1] At trial, Appellant stipulated he had a previous conviction prohibiting him from possessing a firearm. ***See*** Trial Ct. Op., 9/28/21, at 10.

[2] 18 Pa.C.S. §§ 6105(a)(1), 903.

testimony under Pennsylvania Rule of Evidence 404(b) and that the verdict is against the weight of the evidence. We affirm.[3]

We glean the following facts from this Court's previous memorandum addressing Appellant's initial direct appeal:

> During the early morning hours of March 31, 2017, Pennsylvania State Trooper Jay Lownsbery and other members of the Pennsylvania State Police Special Emergency Team ("SERT") executed a search warrant at the residence located at [ ] Crooked Hill Road in Susquehanna Township in connection with suspected narcotics trafficking. The SERT officers arrested eight individuals who had been asleep in various areas of the house: Appellant, Patrick McKenna, Jordy Melendez, Dennison Ortiz-[Gomez], Charlie Vasquez, Trisha Santiago, Jonathan Samuel Pizarro-Diaz, and Elizabeth Grimwold.
>
> In the living room, where officers found Patrick McKenna asleep on a futon, [they] recovered a loaded 38-caliber Smith & Wesson revolver from an end table[,] an unloaded H&R 32-caliber pistol from beneath a pile of clothing, an unboxed surveillance system, an open metal canister, and drug paraphernalia spread throughout the living room. Throughout the three bedrooms in the house, officers recovered numerous firearms—some loaded with multi-shot magazines, large quantities of ammunition, large quantities of cocaine, large quantities of U.S. currency, small amounts of marijuana and heroin, drug-packaging materials, a coffee grinder with white residue, drug transaction owe sheets, multiple cell phones, receipts reflecting money transfers to Puerto Rico, and body armor. In the bedroom where officers located Appellant and Dennison Ortiz-[Gomez], officers discovered a loaded 12-gauge shotgun next to the bed.

---

[3] It merits mention that the Commonwealth's brief addresses claims of ineffective assistance of counsel rather than responding to the arguments that Appellant raises in his appellate brief. ***See i.e.***, Commonwealth's Brief at 4-5, 10-11. Nevertheless, the Commonwealth's filing of an incorrect brief does not impact our review.

> In the kitchen, officers found an electronic scale with white residue on it, a vacuum sealer, and a money counter. The Commonwealth charged Appellant with numerous drug and firearm-related offenses. A joint jury trial commenced on August 13, 2018.[1] . . .
>
> ____________________________________
>
> [[1] Appellant was tried with Jordy Melendez, Dennison Ortiz-Gomez, and Jonathan Samuel Pizarro-Diaz. After the trial court gave the jury preliminary instructions, co-defendant, Dennison Ortiz-Gomez, pleaded guilty outside the presence of the jury. Appellant then moved for a mistrial, arguing Ortiz-Gomez's absence would prejudice the jury. The court denied Appellant's motion and gave the jury a cautionary instruction.]

***Commonwealth v. Ortiz-Cruz***, 1824 MDA 2018 (Pa. Super. Oct. 23, 2019) (unpub. memo. at 1-2).

Although McKenna was charged with numerous crimes related the execution of the search warrant, he decided to testify for the Commonwealth at trial.[4] McKenna[5] stated that he lived at the Crooked Hill house "[r]oughly [six] weeks" before the police executed a search warrant. N.T. at 267. The witness indicated Appellant had lived in the same home for "six to eight months[,]" and had a bedroom there where he kept his personal belongings. ***Id.*** at 248-49, 283. McKenna stated there were "large amounts" of cocaine in the house, which Appellant and the other residents of the home

---

[4] At the time, McKenna testified that he did not receive any favorable treatment for his cooperation. ***See*** N.T. Jury Trial, 8/17/18, at 245.

[5] McKenna acknowledged he had a prior conviction for retail theft and PWID. N.T. at 296-98.

"collectively" obtained and sold. ***Id.*** at 251, 284. He noted that Appellant did not personally use cocaine; rather, all the cocaine was for distribution. ***Id.*** at 286-87. McKenna stated, "[e]veryone in the house[,]" including Appellant, would "break [the cocaine] down[,]" "package [it ,] and prepare [it] for sale. ***Id.*** at 251-52, 254, 256. McKenna further testified that all the Crooked Hill home residents broke down the cocaine that was seized by police on the day of the search. ***Id.*** at 287. McKenna also stated that "[e]veryone would carry" guns in the house and "everyone had them."[6] ***Id.*** at 260. He identified Appellant's gun as "a Glock[.]" ***Id.***

The Commonwealth also presented the testimony of Trooper Lownsbery and Dauphin County Detective John Goshert, an expert in street-level narcotics. Trooper Lownsbery testified that in "[b]edroom 2," he found Appellant, co-defendant Ortiz-Gomez, and "a loaded 12-gauge [pump] shotgun lying on the floor beside the bed." N.T. at 138-40, 361. Additionally, in this bedroom, investigating officers located two to three grams of marijuana, but no cocaine. ***Id.*** at 139, 208-09. Detective Goshert "testified that evidence of narcotics trafficking included high quantities of narcotics, large amounts of cash, sale paraphernalia, and firearms indicating traffickers' heightened security. Examples of sale paraphernalia included scales,

---

[6] It was stipulated at trial that six of the 11 firearms seized that day were stolen. ***See*** Trial Ct. Op. at n. 8, 10, 11, 15, 17, 18.

blenders, and packaging materials." ***Ortiz-Cruz***, 1824 MDA 2018 (Pa. Super. Oct. 23, 2019) (unpub. memo. at 4) (citations omitted).

Appellant did not testify at trial.[7] On August 18, 2018, a jury convicted him of possession of a firearm prohibited and conspiracy to commit PWID. On October 3, 2018, the trial court sentenced Appellant to an aggregate term of seven to 20 years' incarceration. Appellant did not file a post-sentence motion. Instead, he filed a direct appeal challenging: (1) the sufficiency of the evidence as to both convictions; (2) the trial court's denial of his motion for mistrial concerning co-defendant Ortiz-Gomez; and (3) the court's admission of purportedly improper Rule 404(b) evidence regarding McKenna's testimony. A panel of this Court affirmed his judgment of sentence, determining: (1) the Commonwealth proffered sufficient evidence to support both convictions; (2) the court properly exercised its discretion in denying Appellant's motion for a mistrial; and (3) Appellant waived his Rule 404(b) claim due to a lack of citation to the record. ***See Ortiz-Cruz***, 1824 MDA 2018 (Pa. Super. Oct. 23, 2019) (unpub. memo. at 5-13)

---

[7] Appellant's co-defendant, Melendez, was the only defendant to testify at trial. He stated that despite claiming "responsibility for everything in the house" at the preliminary hearing, he only possessed cocaine for personal use, did not participate in preparing or selling cocaine, used to sell just heroin, and "most of the guns" in the house were his. N.T. at 442-45, 447.

In May 2020, Appellant subsequently filed a *pro se* petition under the Post-Conviction Relief Act[8] (PCRA), alleging ineffective assistance of trial and direct appeal counsel. PCRA counsel was appointed, who then filed a supplemental PCRA petition in March 2021, raising an ineffectiveness claim for failure to file a post-sentence motion, which would have allegedly preserved Appellant's weight and Rule 404(b) claims. ***See*** Appellant's Supplemental Motion for Post-Conviction Relief, 3/9/21, at 3-6 (unpaginated). Appellant requested a reinstatement of his direct appeal rights.

Following a hearing, the PCRA court reinstated Appellant's appellate rights and ordered him to file a post-sentence motion *nunc pro tunc* within 10 days of the date of the order. ***See*** Order 7/16/21.

On July 22, 2021, Appellant filed a post-sentence motion, raising weight and admissibility of Rule 404(b) evidence claims. ***See*** Appellants *Nunc Pro Tunc* Post-Sentence Motion, 7/22/21, at 3-5. The trial court denied the motion on July 29, 2021. This timely appeal followed.[9]

Appellant raises the following claims for our review:

> 1. Whether a new trial is warranted because the trial [c]ourt erred by permitting prior bad acts testimony under Pa.R.E. 404(b)

---

[8] 42 Pa.C.S. §§ 9541-9546.

[9] Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. In his statement, he again challenged the weight of the evidence and the admission of the Rule 404(b) evidence. ***See*** Appellant's Concise Statement of Matters Complained of On Appeal, 8/26/21, at 1-3. The trial court filed a Rule 1925(a) opinion on September 27, 2021.

from [ ] McKenna, after counsel for Appellant raised such issue prior to trial in an oral motion *in limine*?

2. Whether the [trial c]ourt[10] erred when it failed to [o]rder a new trial when it failed to find the verdict was against the weight of the evidence, when the convictions hinged on the testimony of [ ] McKenna, a corrupt and polluted source, and when concerning the residence arrest, no paperwork, personal belongings or ID of [ ] Appellant was found tying [him] to that location[?]

Appellant's Brief at 3.

Appellant's first claim challenges the admissibility of McKenna's prior bad acts testimony at trial. We review a challenge to the admission of evidence by the following standard:

> The admissibility of evidence is a matter within the sound discretion of the trial court and will be reversed only where there is a clear abuse of discretion. Our standard of review of a challenge to an evidentiary ruling is therefore limited. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Williams***, 241 A.3d 1094, 1101 (Pa. Super. 2020) (citation omitted).

At the time of Appellant's 2018 trial, Rule 404(b) set forth the limited use of prior bad acts evidence and defined proper notice as follows:

> **(b) Crimes, Wrongs or Other Acts.**

---

[10] Appellant refers to the trial court and the PCRA court interchangeably throughout his brief. We refer to court as "the trial court" in our analysis.

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
> (3) Notice in a Criminal Case. In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b)(1)-(3) (effective until March 31, 2022).[11]

Appellant first argues the Commonwealth failed to provide him with sufficient notice of McKenna's testimony. ***See*** Appellant's Brief at 14. By way of background,

> [d]uring the trial, the Commonwealth sought to connect each gun to an individual found within the residence through McKenna's testimony. At trial, [Appellant] objected, arguing that because no notice was given under Rule 404(b)(3), such testimony should be inadmissible. The Commonwealth argued that such notice was provided through discovery and thus admissible. Th[e trial c]ourt agreed with the Commonwealth's argument.

Trial Ct. Op. at 12-13.

---

[11] As will be discussed below, effective April 1, 2022, Rule 404(b)(3) was amended to state that in a criminal proceeding, the Commonwealth "must provide reasonable written notice in advance of trial" of any "other crimes, wrongs, or acts" evidence. ***See*** Pa.R.E. 404(b)(3).

Appellant insists that "the allegation that McKenna's testimony was somehow found in the discovery is not true" and that while McKenna was a known co-defendant, "the specifics of what he testified to was not disclosed." Appellant's Brief at 15. Appellant claims the Commonwealth's reliance on ***Commonwealth v. Lynch***, 57 A.3d 120 (Pa. Super. 2012),[12] is misplaced because in that case, the evidence and "specific discovery produced [were] identified and placed in the record to justify the use of the [Rule] 404(b) testimony in contrast to the present case where no real notice was supplied [and] where the Commonwealth only generally cited 'discovery.'" Appellant's Brief at 14 (record citation omitted). Appellant further asserts that "under current law," the notice was insufficient because the Commonwealth did not file a written Rule 404(b) motion. ***Id.*** at 18, *citing* Pa.R.E. 404(b) (effective April 1, 2022) (stating the Commonwealth "must provide reasonable written

---

[12] The ***Lynch*** Court held that with respect to the notice requirement of Rule 404(b)(3),

> [t]he purpose of this rule is to prevent unfair surprise, and to give the defendant reasonable time to prepare an objection to, or ready a rebuttal for, such evidence. However, there is no requirement that the notice must be formally given or be in writing in order for the evidence to be admissible.

***Lynch***, 57 A.3d 120, 125-26 (Pa. Super. 2012) (citations and quotation marks omitted).

notice . . . of the specific nature, permitted use, and reasoning for the use of any such evidence").[13]

Initially, we must determine whether Appellant's notice argument was properly preserved at the trial level. A review of the record reveals that prior to trial, counsel for co-defendant Pizarro-Diaz raised an objection[14] that he did not receive notice of "uncharged conduct" relating to how the stolen guns were procured. N.T. at 31. Appellant's counsel later raised an argument concerning McKenna's testimony:

> I also wanted to just raise the issue of [ ] McKenna, in his statement, [he] goes on at length about these individuals allegedly robbing drug dealers and using masks and home invasion robberies and taking drugs and money.
>
> Since there has been no [Rule] 404(b) motion filed, I would ask the Court exclude any mention of prior activity involving . . . robbing drug dealers, using masks, home invasions, who shot a gun previously. I believe that is unfairly prejudicial.

***Id.*** at 35.

The Commonwealth responded that it gave sufficient notice when it provided McKenna's statements in discovery, and it was not required to give

---

[13] Appellant incorrectly states the amended rule of evidence became effective April 22, 2022. ***See*** Appellant's Brief at 18; ***see also*** Pa.R.E. 404 (effective April 1, 2022).

[14] While counsel for co-defendant Pizarro-Diaz raised the initial objection to insufficient notice, co-counsels and the Commonwealth agreed that "if one [ ] counsel objects, that would be attributed to all defendants for purposes of the record." N.T. at 65.

formal written notice. ***See*** N.T. at 36. The trial court did grant Appellant's motion, in part, on the basis of unfair prejudice.[15] ***See id.*** at 39. Counsel did not raise any further objection that the Commonwealth did not provide sufficient notice of McKenna's testimony.

It is evident that Appellant failed to properly preserve his claim that McKenna's testimony was not in discovery or that the Commonwealth's reference to the discovery was insufficient. At trial, Appellant only objected that the Commonwealth did not file a Rule 404(b) motion and therefore, he did not have sufficient notice. Appellant never claimed the statements could not be found in the discovery shared by the Commonwealth. Accordingly, we conclude the notice issue is waived. ***See*** Pa.R.A.P. 302(a) (issues not raised in the trial court cannot be raised for the first time on appeal).

Moreover, Appellant's reliance on the amended Rule 404(b) is meritless. Appellant depends on an iteration of Rule 404(b) that was not effective at the time of his 2018 jury trial. ***See*** Pa.R.E. 404(b)(3) (effective April 1, 2022); ***see also*** Pa.R.E. 404(b)(3) (effective until March 31, 2022); Appellant's Brief at 18. Appellant provides no case law suggesting an amended 2022 rule should apply to his 2018 trial.

---

[15] The court determined that McKenna could testify as to "who possessed what gun[,]" but not the specifics as to how the guns were obtained, *i.e.*, the robbing of drug dealers to steal the guns. N.T. at 39-41.

As such, we conclude the court did not err in finding the Commonwealth provided Appellant notice of McKenna's testimony in discovery, which was sufficient under the rules of evidence at the time of trial. ***See Commonwealth v. Leaner***, 202 A.3d 749, 777 (Pa. Super. 2019) (stating notice need not be formal or written and is satisfied when defense "received the evidence in discovery"); ***see Lynch***, ***supra*** (Rule 404(b) notice was sufficient when witness statements were provided in discovery), ***see also*** Trial Ct. Op. 9/28/21, at 13.

Appellant also argues the trial court erred when it admitted McKenna's Rule 404(b) testimony because it was unduly prejudicial. ***See*** Appellant's Brief at 13-14. The testimony at issue concerned "conduct involving past illegal possession of firearms by [Appellant] as well as past packaging and possessing illegal drugs for sale" by Appellant. ***Id.*** at 13. He states:

> Here, the jury's attention was diverted from reviewing the evidence presented by the Commonwealth – which had severe limitations given the lack of forensic evidence tying the Appellant to any contraband and when numerous other defendants also were found closer to the contraband. The bad acts testimony instead injected highly prejudicial material alleged to have been committed by the Appellant according to McKenna.
>
> The essence of McKenna's testimony against the Appellant is that the Appellant had packaged drugs, helped facilitate their sale, and had possessed numerous firearms in the past. Clearly, McKenna was discussing prior criminal acts involving the Appellant – which given the number of individuals in the residence and the lack of drugs found in the room where the Appellant was staying – was highly prejudicial. Indeed, there was only one firearm found on the floor of the room where the Appellant was staying – and there was no specific connection of the Appellant to that firearm. That is, there was no fingerprint evidence showing the Appellant's

> prints on any of the firearms (including the one in the room) – and even McKenna did not seek to show that the shotgun in the room where the Appellant was found was a specific firearm associated with the Appellant. Indeed, the supposed same "kind" of firearm McKenna associated with the Appellant (the Glock pistol) was found in a room with another defendant. Indeed, McKenna did not even testify that the Glock firearm found in the residence was the same Glock firearm that the Appellant possessed.

***Id.*** at 16-17. Appellant concludes that "because of the prejudicial bad acts evidence received by the jury, [he] was stripped of the presumption of [innocence] and the jury used [this evidence] as a tool to convict [him] of possessory crimes" even though his co-defendants "were in more of a position to actually 'possess' the contraband." ***Id.*** at 18.

A trial court's decision to admit prior bad acts evidence under the Pennsylvania Rules of Evidence will only be overturned upon a showing of an abuse of discretion. ***See Commonwealth v. Chmiel***, 889 A.2d 501, 534 (Pa. 2005). Pennsylvania Rule of Evidence 404(b) prohibits the introduction of evidence concerning a defendant's prior bad acts "to prove a [defendant's] character in order to show that on a particular occasion the [defendant] acted in accordance with the character." Pa.R.E. 404(b)(1). However, Subsection 404(b)(2) provides that prior bad acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

Another recognized exception under Rule 404(b)(2) is the "complete story" doctrine or *res gestae* exception. Pursuant to this exception, relevant

evidence of other offenses may be admitted to explain the context or the complete story of the events surrounding the crime in question. ***See Commonwealth v. Crispell***, 193 A.3d 919, 936 (Pa. 2018); ***see also Commonwealth v. Powell***, 956 A.2d 406, 419 (Pa. 2008) (prior bad acts evidence may be admitted "where the acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development"). However, Rule 404(b)(2) specifies that such evidence "is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2). "[T]he term 'unfair prejudice' in Rule 404(b)(2) 'means a tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially.'" ***Commonwealth v. Gilliam***, 249 A.3d 257, 272 (Pa. Super. 2021) (citation omitted). ***See also Commonwealth v. Brown***, 52 A.3d 320, 326 (Pa. Super. 2012) ("Where the *res gestae* exception is applicable, the trial court must balance the probative value of such evidence against its prejudicial impact.") (citation omitted). Trial courts are not obliged to sanitize a trial by eliminating all unpleasant facts from the jury's consideration when those facts are both relevant and form part of the history and natural development of the events for which the defendant is charged. ***See Commonwealth v. Page***, 965 A.2d 1212, 1220 (Pa. Super. 2009).

The trial court in the present case explained its rationale for admitting McKenna's testimony as follows:

> The Commonwealth stated that McKenna's testimony was for the purpose of illustrating that the firearms being brought into the home [were] a part of a larger plan of conspiracy. Additionally, the Commonwealth argued that the testimony was necessary because the possession of firearms was a material fact at trial. McKenna lived with [Appellant] and the other co-defendants and participated in the activities occurring at the residence. McKenna's testimony relating to who possessed which firearms and the purpose of the firearms was relevant to establishing possession, an element of the charged offenses, and in establishing the existence of a larger scheme of conspiracy. Accordingly, this Court concluded that the probative value of this testimony outweighed its prejudicial effect.

Trial Ct. Op. at 13.

Upon our review of the record, we detect no abuse of discretion on the part of the trial court. It is clear the court found that McKenna's testimony was admissible under the complete story doctrine – to show Appellant and his codefendants were part of "a larger plan of conspiracy" to package and sell cocaine, and that they possessed firearms as part of this criminal activity. We also agree with the trial court's conclusion that McKenna's testimony was not unduly prejudicial. We reiterate that while the trial court must weigh the prejudicial effects of evidence, it is not required to "sanitize the record" of every negative inference against Appellant. ***See Page***, 965 A.2d at 1220. It should also be noted that before McKenna testified, the trial court instructed the jury that the testimony was coming from a "corrupt and polluted source[,]" the jury should "accept it only with care and caution[,]" and the jury should consider whether it was supported by other evidence. ***See*** N.T. at 239-41. "[T]he jury is presumed to follow the court's instructions." ***Commonwealth***

***v. Tedford***, 960 A.2d 1, 37 (Pa. 2008). The trial court balanced the Commonwealth's need for the evidence against the prejudicial effect on Appellant,[16] in addition to the court's own ability to caution the jury about proper use of the evidence. Accordingly, we detect no abuse of discretion on the part of the trial court and as such, no relief is due as to Appellant's first claim. ***See Williams***, 241 A.3d at 1101.

In his second issue, Appellant argues the verdict was against the weight of the evidence.[17] He states the Commonwealth's case was based on McKenna, "who both was a corrupt and polluted source and also did not specifically tie the contraband found at the scene" to Appellant.[18] Appellant's Brief at 21. Appellant avers, "Instead, in essence, McKenna discussed that .

---

[16] As noted above, the court limited McKenna's testimony concerning the guns in light of the prejudicial effect on Appellant. ***See*** N.T. at 39-41.

[17] Appellant properly preserved his weight claim in his post-sentence motion pursuant to Pa.R.Crim.P. 607. ***See*** Pa.R.Crim.P. 607 (parties must raise a challenge to the weight of the evidence before the trial court either before sentencing or in a post-sentence motion); ***see also*** Appellant's *Nunc Pro Tunc* Post-Sentence Motion, 7/22/21, at 3-4.

[18] In his "Statement of Questions Involved" section, Appellant stated the Commonwealth offered "no paperwork, personal belongings[,] or ID . . . tying [him] to" the Crooked Hill house. Appellant's Brief at 3. Because he does not present any argument concerning this assertion, this specific argument is waived. ***See Commonwealth v. Antidormi***, 84 A.3d 736 (Pa. Super. 2014) (concluding defendant waived his claim of error where he cited no legal authority to support his assertions and developed no cogent argument); Pa.R.A.P., Rule 2119(a) (argument shall be "followed by such discussion and citation of authorities as are deemed pertinent.").

. . Appellant had a history of possessing a Glock pistol and he had in the past helped package drugs for sale." ***Id.*** Appellant states:

> The evidence here is tenuous, vague and uncertain. The evidence was tenuous in the sense that there were numerous other defendants who had stronger ties to both the firearms and the cocaine found at the crime scene. The evidence was vague in the sense McKenna discussed only one specific firearm tied to the Appellant (a Glock pistol) – and no such firearm was found anywhere near the Appellant. It was uncertain in the sense that McKenna discussed only very generally the idea that the Appellant may have possessed other weapons aside from a Glock. Aside from these limitations, there was no forensic tie of any of the contraband (whether drugs or firearms) to the Appellant in the form of fingerprints or DNA evidence. Thus, the trial Court abused its discretion by not vacating the conviction and allowing a new trial.

***Id.*** at 21-22. Appellant further alleges that without McKenna's testimony, his convictions would "not survive a sufficiency of the evidence challenge." ***Id.*** at 23. Appellant concludes that McKenna's testimony "merely discussed [ ] Appellant handling drugs and firearms in the past" and overall "lacked any meaningful specific" facts. ***Id.*** at 23-24.[19]

---

[19] We note that Appellant touches upon a challenge to the sufficiency of the evidence regarding constructive possession of the shotgun in his bedroom. Appellant's Brief at 22 ("Mere access to the area [is] insufficient to establish constructive possession."). Appellant raised this same claim in his initial direct appeal, and a panel of this Court has already ruled on the merits and properly disposed of the matter. ***Ortiz-Cruz***, 1824 MDA 2018 (Pa. Super. Oct. 23, 2019) (unpub. memo. at 6-9) (concluding the trial court did not err when it determined there was sufficient evidence to support the conviction where the jury could reasonably infer that Appellant constructively possessed a firearm based on Trooper Lownsbery's testimony of finding a 12-gauge shotgun in Appellant's bedroom and McKenna testified that the occupants of the home, including Appellant, carried firearms within the home).

This Court's standard of review of a weight of the evidence claim is well-settled:

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. On review, an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination.

***Commonwealth v. Lyons***, 79 A.3d 1053, 1067 (Pa. 2013) (citations omitted). When an individual challenges the weight of the evidence, they concede sufficient evidence was presented, but assert that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." ***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000) (citation omitted). Further, the fact finder is free to believe all, some, or none or the evidence presented. ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citation omitted).

This Court will not find an abuse of discretion

> based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Importantly, [this C]ourt should not find that a trial court abused its discretion merely because [we] disagree[ ] with the trial court's conclusion. Indeed, "when reviewing the trial court's exercise of discretion, it is improper for [this C]ourt to 'step[ ] into the shoes' of the trial judge and review the evidence *de novo*." In other

> words, [this C]ourt "may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court."

***Commonwealth v. Gill***, 206 A.3d 459, 467 (Pa. 2019) (citations and some quotation marks omitted).

The trial court in the present matter opined:

> Trooper Lownsbery testified that in [Appellant's] bedroom, a loaded 12-[gauge] shotgun was observed in [ ] plain view next to [Appellant's] bed, in the bedroom where [Appellant] was located. In addition to the firearm found in [Appellant's] bedroom, [nine] other firearms were found throughout the Crooked Hill residence. McKenna testified that given the dangerous nature of narcotics trafficking, the individuals within [the] Crooked Hill residence, including [Appellant], felt the need to carry firearms. Additionally, McKenna testified that the camouflage duffle bag found within the residence, which typically contained firearms and ballistic gear, would be carried throughout the house in case of danger.
>
> [Appellant] asserts that the verdict hinged on testimony from McKenna, a corrupt and polluted source. Just prior to hearing McKenna's testimony, the Court gave the jury instructions about how to treat information gleaned from a corrupt and polluted source. The instructions included that they jury should only accept the testimony with care and caution and that accomplice testimony is more dependable if supported by independent evidence. The testimony from Trooper Lownsbery relating to the guns in [Appellant's] bedroom and throughout the Crooked Hill residence supported McKenna's testimony.
>
> Despite [Appellant's] focus on the location of the Glock-19, the jury was asked to determine if they found "beyond reasonable doubt that [Appellant] either possessed or controlled an H&R Pardner pump shotgun and/or a Glock 19, Smith & Wesson pistol belonging to Milton Evans and/or the Smith & Wesson revolver belonging to Robert Cottingham." [Appellant] focuses specifically on the placement of the Glock 19. However, the question for the jury included three (3) firearms that [Appellant] could have constructively possessed. The jury found that [Appellant] had possessed or controlled one or more of the listed firearms. After answering this question, it was stipulated that on December 7,

> 2010, [Appellant] was convicted of an offense which prohibited him from possessing a firearm in the Commonwealth of Pennsylvania. The jury ultimately found [Appellant] guilty of possession of a firearm prohibited.
>
> * * *
>
> In furtherance of his contention, [Appellant] identifies that only marijuana consistent with personal use was found in the room where the [Appellant] was found during the arrest. However, within the residence, one (1) kilogram of cocaine was found hidden within a backpack, in addition to sale paraphernalia, such as electronic scales, a blender, a money counter, and various packaging materials. McKenna testified that all the individuals within the Crooked Hill house, including [Appellant], assisted in breaking down the cocaine from the kilogram packaging and prepared for individual sale. The process involved using scales to weigh the cocaine, the blender to grind the cocaine into powder form, and plastic one-ounce bags to package the cocaine for sale. Considering McKenna's testimony and the evidence seized corroborating it, it was reasonable for the jury to infer that despite there being a limited amount of marijuana in the [Appellant's] bedroom at the time of the arrest, [he] was still connected to the narcotics found throughout the residence. Accordingly, this Court did not err in denying [Appellant's] *nunc pro tunc* post-sentence motion as the evidence supported the verdict, and the guilty verdict for conspiracy to possess with intent to deliver was not contrary to the weight of the evidence to shock one's sense of justice.

Trial Ct. Op. at 9-12 (record citations omitted).

It is apparent that Appellant's argument amounts to a request for this Court to reweigh the evidence, particularly McKenna's testimony, in his favor – a request that is beyond our scope of review. As the jury was free to believe all, part, or none of the evidence, we may not re-weigh the evidence or disturb the jury's credibility determinations. ***See Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015) ("The weight of the evidence is a matter

exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses."). The jury heard from all the witnesses, including McKenna, were given proper instructions, and found him to be credible based on Appellant's convictions. We detect no abuse of discretion and conclude that no relief is due. ***See Champney***, 832 A.2d at 408; ***Lyons***, 79 A.3d at 1067. Accordingly, Appellant's second claim also fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/27/2022