J-S18011-25 & J-S18012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID ALLEN BOSLEY | : | |
| | : | |
| Appellant | : | No. 921 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 3, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000590-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID ALLEN BOSLEY | : | |
| | : | |
| Appellant | : | No. 922 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 3, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000271-2023

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: SEPTEMBER 19, 2025**

In these consolidated appeals,[1] Appellant, David Allen Bosley, appeals

from the July 3, 2024 judgment of sentence of life imprisonment followed by

---

[*] Former Justice specially assigned to the Superior Court.

[1] We have consolidated these appeals *sua sponte*.

25 to 50 years of incarceration entered in the Venango County Court of Common Pleas following his conviction by a jury at Docket No. 271-2023 of First-Degree and Second-Degree Murder, Rape By Forcible Compulsion, Aggravated Indecent Assault, two counts of Kidnapping, and Abuse of Corpse.[2] Appellant also appeals from the revocation sentence of 10 to 20 years of incarceration imposed at Docket No. 590-1999.[3]  Appellant challenges the discretionary aspects of his sentence, the denial of his motion for change of venue/venire, the sufficiency of the evidence, and a ruling limiting Appellant's closing argument to facts in evidence.  After careful review, we affirm.

The relevant facts and procedural history are as follows.

**Docket No. 590-1999**

On January 21, 2000, a jury convicted Appellant of Burglary, Criminal Attempt—Kidnapping, Criminal Attempt—Rape, Aggravated Indecent Assault Without Consent, Aggravated Indecent Assault by Forcible Compulsion, and Unlawful Restraint.  On February 28, 2000, the trial court sentenced Appellant to 10 to 20 years of incarceration followed by 20 years of probation.  Appellant served his term of incarceration and commenced serving his probationary sentence.

**Docket No. 271-2023**

---

[2] 18 Pa.C.S. §§ 2502(a), 2502(b), 3121(a)(1), 3125(a)(2), 2901(a)(2), 2901(a)(3), and 5510, respectively.

[3] We have consolidated these appeals *sua sponte*.

On July 27, 2023, while Appellant was serving his probationary sentence, the Commonwealth charged him with First-Degree and Second-Degree Murder, Rape By Forcible Compulsion, Aggravated Indecent Assault, two counts of Kidnapping, and Abuse of Corpse in connection with the murder of Marcy Suzette Nellis, whose body was discovered in a wooded area along the bike trail on the banks of the Allegheny River near Oil City. The Erie County medical examiner determined that Ms. Nellis had been strangled. Additional evidence found at the scene of the crime suggested that a perpetrator had dragged Ms. Nellis from the trail and then, shortly before her death, raped her.

During the investigation of Ms. Nellis's murder, Brian O'Toole, an investigator with the Venango County District Attorney's Office, encountered Appellant, who lived one block from the area on the bike trail where Ms. Nellis's body was found. Investigator O'Toole brought Appellant to the Oil City police station for an interview. Appellant denied any involvement in Ms. Nellis's death and claimed that he had been fishing on the day of the crime. Investigator O'Toole also interviewed Glenn Strickenburg, one of three men who lived with Appellant. After Oil City police officers learned that Mr. Strickenburg and Appellant's other housemates were at a bowling alley at the time of the crime, the police removed them from the suspect list.

DNA evidence collected from Ms. Nellis's body included seminal found on her anus, vagina, and pants; blood cells found underneath her fingernails;

and skin cells found on her neck. After forensic analysis linked this DNA evidence to Appellant, the Commonwealth charged him with the above crimes.

On October 3, 2023, Appellant filed a motion for change of venue/venire claiming that, due to the publicity surrounding the case, he could not receive a fair trial in Venango County. The trial court held a hearing on the motion, and then, on November 21, 2023, denied it "without prejudice to resubmit such a request based on new evidence or the failure to seat a jury after individual *voir dire*." Order, 11/21/23. Appellant did not subsequently resubmit his request for change of venue or venire.

Appellant's three-day jury trial commenced on May 13, 2024. The Commonwealth presented forensic evidence and the testimony of numerous witnesses, including Investigator O'Toole. Relevant to the instant appeal, on cross examination, Investigator O'Toole testified, without objection, that he had learned from interviewing Appellant's housemates that Mr. Strickenburg had a prior criminal history of sexual assault dating back to the 1980s. Investigator O'Toole also testified that he did not remember if he asked Mr. Strickenburg why Mr. Strickenburg had said "we moved the body" during an interview, as Appellant alleged he had said. N.T., 5/13/24, at 197-98.

At the conclusion of its case-in-chief, the Commonwealth moved to preclude Appellant's counsel from mentioning in his closing argument the testimony regarding Mr. Strickenburg's prior criminal history as it was evidence of a prior bad act by a non-testifying witness. The trial court granted the request by stating, "I'm not going to allow the sex assault reference, but

if you wish to refer to Mr. Strickenburg as a person of interest or someone that was investigated. But the prior sex assault stays out." N.T., 5/14/25, at 115.

On May 15, 2024, the jury convicted Appellant of the above crimes. On July 3, 2024, the trial court sentenced Appellant at Docket No. 271-2023 to concurrent terms of life imprisonment for his Murder convictions and an aggregate consecutive term of 25 to 50 years of incarceration for his remaining convictions. As a result of these convictions, the trial court revoked Appellant's probation at Docket No. 590-1999 and imposed a sentence of 10-20 years of incarceration, which it ordered Appellant to serve consecutive to the sentence imposed at Docket No. 271-2023 for the Murder convictions.

Appellant filed a timely post-sentence motion in which he challenged the sufficiency of the evidence and contended that his sentence was excessive because the court ordered his Rape By Forcible Compulsion, Aggravated Indecent Assault, two counts of Kidnapping, Abuse of Corpse, and VOP revocation sentences to run consecutive to the concurrent life sentences it imposed for his Murder convictions. On July 15, 2024, the trial court denied Appellant's post-sentence motion.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

[1.] The sentences handed down in this case were manifestly excessive and clearly unreasonable in their consecutiveness, as [Appellant] would already be serving a sentence of life

- 5 -

imprisonment and as [Appellant] already served a term of sentence of 25 years for the 1999 sentence and a concurrent sentence would still serve the purposes of rehabilitation, retribution, and incapacitation.

[2.] The court erred in failing to grant [Appellant's] motion for change of venue or venire in this case when a fair and impartial jury could not be selected from the pool of residents in Venango County due to the high level of publicity in the local media regarding this case and the fact that said publicity created an atmosphere of hostility towards the accused which impaired [Appellant's] ability to receive a fair and impartial trial by jury. The media coverage stated that [Appellant's] DNA was found in multiple cases, that he was a convicted sex offender, and many statements assuming that [Appellant] would in fact be convicted of the murders for which he was being charged.

[3.] [Appellant] argues that the evidence in this case was not sufficient to substantiate his convictions due to the fact that another individual could have committed the crimes and that the evidence presented supported the argument that [Appellant] did not have contact with the victim on the date of her death. Regarding the first[-]degree murder charge, there was not sufficient evidence presented that [Appellant] was the perpetrator in this case or that he had any intent to kill the victim or any malice. Regarding the remaining charges, there was not sufficient evidence presented that [Appellant] committed any of the acts against the victim or that there were not others present at the time of the incident. Specifically regarding the rape charge, [t]here was no evidence of trauma to the victim's vagina or evidence of where the semen in this case came from as it relates to the position of the body. Further, the evidence shows that 5% of the sperm sample found was from someone else.

[4.] [Appellant] argues that the trial court erred in granting the Commonwealth's motion during trial that prohibited the [d]efense from referring to the criminal history (specifically of sexual assault) of Glenn Strickenburg, who had made a statement to Investigator O'Toole, a witness at trial, that suggested that he was at the scene of the crime and could have potentially been a participant in the crime. Due to the nature of the charges in this case, this individual[']s criminal history was relevant to the case and the specific argument that Stri[c]kenburg could have committed these offenses, and that evidence thus should have been allowed to be introduced to the jury by the defense. Further,

the objection made in this case by the Commonwealth was untimely in that it was made after the Commonwealth rested its case rather than when the individual's criminal history was originally raised.

Appellant's Brief at 2-3.

\*\*\*

In his first issue, Appellant challenges the discretionary aspects of his sentences. As such, Appellant is not entitled to an appeal as of right. *Commonwealth v. Roberts*, 133 A.3d 759, 774 (Pa. Super. 2016). An appellant bringing a challenge to the discretionary aspects of his sentence must invoke this Court's jurisdiction by (1) preserving the issue at sentencing or in a post-sentence motion; (2) filing a timely notice of appeal; (3) including a Pa.R.A.P. 2119(f) statement within his appellate brief; and (4) raising a substantial question for our review. *Commonwealth v. Tejada*, 107 A.3d 788, 797-98 (Pa. Super. 2015). Our review confirms that Appellant preserved his sentencing issue in a post-sentence motion, filed a timely appeal, and has included a Rule 2119(f) statement in his brief to this Court.

With respect to whether Appellant has presented a substantial question for our review, we note that "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021). "Generally speaking, the court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a

substantial question that would allow the granting of allowance of appeal."
***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 598 (Pa. Super. 2010).

Appellant claims that the court abused its discretion in sentencing him to consecutive sentences because "the purposes of rehabilitation, punishment, and incapacitation could have been served by lower sentences and especially by running the sentences that were imposed concurrently with the murder charge." Appellant's Brief at 8. Because a claim that the imposition of consecutive sentences does not raise a substantial question, we lack jurisdiction to review Appellant's challenge to the discretionary aspects of his sentence.

\*\*\*

Appellant next claims that the trial court abused its discretion in denying his pretrial motion for change of venue. Appellant's Brief at 8-11. He contends that because of the local and national publicity surrounding the case, "there existed slim chances of finding jurors in a rural county who had not formed an opinion of [Appellant's] guilt." ***Id.*** at 10. He asserts that the pretrial publicity necessitated transferring the case to another county or transporting a jury from Erie County to Venango County to hear the case.[4]

---

[4] Appellant also claims that because *voir dire* took place off the record, "there is no record of whether the prospective jurors were asked about whether they were aware of this case of whether any information they had about the case would have inflamed them." ***Id.*** at 10-11. The record, however, contains a
*(Footnote Continued Next Page)*

*Id.* According to Appellant, "pages of internet hits show that pretrial publicity of this case . . . demonstrate a **potential** prejudice by all of the prospective jurors in Venango County." *Id.* at 11 (emphasis added).

We review a trial court's decision to deny a motion for change of venue based on the claimed existence of pretrial publicity for an abuse of discretion. *Commonwealth v. Briggs*, 12 A.3d 291, 313 (Pa. 2011). "As a general rule, for a defendant to be entitled to a change of venue because of pretrial publicity, he or she must show that the publicity caused **actual** prejudice by preventing the empaneling of an impartial jury." *Id.* (emphasis added). The mere existence of pretrial publicity does not constitute prejudice. *Id.*

Following our review, we observe that Appellant has not argued, let alone proved, that the pretrial publicity surrounding his case either prevented the impaneling of an impartial jury or caused him **actual** prejudice. Appellant's claim is nothing more than conjecture. Accordingly, we conclude that Appellant failed to establish that he was entitled to a change of venue and the trial court properly exercised its discretion in denying Appellant's motion for change of venue.

\*\*\*

In his third issue, Appellant purports to challenge the sufficiency of the evidence in support of his convictions. Appellant's Brief at 11-14.

---

89-page transcript of the 2 hour and 13-minute jury selection proceeding, thus belying this claim.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. *See*, *e.g.*, Pa.R.A.P. 2101, 2119. As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014); *see also Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) (where "defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."); Pa.R.A.P. 2101 (providing that where the defects in an appellant's brief are substantial, this Court may quash or dismiss the appeal).

Following our review of the arguments Appellant has presented in support of his claims, we conclude that they are woefully underdeveloped. Although Appellant has provided citations to boilerplate authority regarding sufficiency of the evidence claims, he has provided no citations whatsoever to the record and has failed to discuss the facts of this case in the context of

relevant case law. Appellant has also failed to provide complete citations to any of the criminal statutes for which he contends the Commonwealth presented insufficient evidence.[5] We cannot and will not act as Appellant's counsel and develop arguments on his behalf. Appellant's failure to develop his arguments has hampered this Court's ability to conduct meaningful appellate review. Thus, we conclude that Appellant has waived his sufficiency claims by failing to develop them.

\*\*\*

In his final issue, Appellant claims that the trial court abused its discretion in granting the Commonwealth's motion that precluded Appellant's counsel from referencing Glenn Strickenburg's criminal history of sexual assault. Appellant's Brief at 15-17. He contends that, because of the nature of the charges in this case, Mr. Strickenburg's criminal history was relevant "and supported the specific argument that [Mr.] Strickenburg could have committed the offenses or was an accomplice." *Id.* at 15. Appellant speculates that if he had been permitted to present this evidence to the jury during closing argument, it would have provided the jury with reasonable doubt as to Appellant's guilt. *Id.* at 16.

---

[5] We acknowledge that Appellant included in his brief citation to part of 18 Pa.C.S. § 2502. Appellant's Brief at 13 (where Appellant states that "[i]n order to prove that [he] committed homicide/murder of the first degree, the Commonwealth was required to prove that [he] committed an intentional killing. 18 Pa.C.S. § 2502(a)"). He did not, however, provide citations to the Sexual Assault, Kidnapping, or Aggravated Indecent Assault statutes, although he purports to challenge the sufficiency of the evidence in support of those convictions as well.

As an initial matter, we observe that Appellant has mischaracterized this issue as one involving the review of an evidentiary ruling.[6]  Rather, our review indicates that Appellant, in fact, challenges only the court's ruling which limited scope of his closing argument.  Appellant has not, however, developed this claim of error with either citations to the record or, more importantly, to any relevant authority regarding the scope of closing arguments.  We decline to develop Appellant's argument for him.  Appellant's failure to develop his argument has precluded us from conducting meaningful appellate review.  We, thus, find this claim waived.

In sum, having found each of Appellant's issues meritless or waived, we affirm the judgments of sentence at Docket No. 271-2023 and Docket No. 590-1999.

Judgment of sentence at Docket No. 271-2023 affirmed.  Judgment of sentence at Docket No. 590-1999 affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/19/2025

---

[6] Consequently, Appellant's reliance on **Commonwealth v. Gill**, 206 A.3d 459 (Pa. 2019), where our Supreme Court reviewed an order granting a defendant's motion *in limine* to admit evidence of a subsequent similar crime committed by another individual, is inapposite.